## PICKLE *v.* STATE.*

(Division B. Nov. 5, 1928.)

[118 So. 625. No. 27452.]

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1110, p. 571, n. 93; section 1568, p. 764, n. 54; Intoxicating Liquors, 33CJ, section 502, p. 758, n. 80. As to sufficiency of circumstantial evidence to warrant conviction for crime, see 8 R. C. L. 225; 4 R. C. L. Supp. 539; 5 R. C. L. Supp. 457; 6 R. C. L. Supp. 494.

Richardson, Pierce & Sanford, for appellant.

James W. Cassedy, Jr., Assistant Attorney-General, filed a brief for the State.

Argued orally by W. W. Pierce, for appellant, and James W. Cassedy, Jr., for appellee.

ETHRIDGE, P. J. The appellant was indicted, tried, and convicted for the unlawful and felonious owning, controlling, and knowingly having in possession the integral parts of a still. It appears that the sheriff of the county had some information which led him to believe that appellant was operating a still, or had possession of a still. The sheriff went to a justice of the peace, made out some kind of affidavit, and procured a search warrant—neither of which were produced on the trial, but appear to have been lost. There was no proof of the contents of the affidavit, nor of the search warrant; but the sheriff, accompanied by some of his deputies, and two deputy sheriffs from Attala county, went to the place of the appellant, and served him with said warrant, then proceeded to search his premises. They found no intoxi-

cating liquor, or still, or parts thereof, at his residence, or in the outbuildings. They went along a pathway leading from his residence in a northerly direction, and some distance from his house this pathway forked. One of these became dim after going a short distance, and the sheriff decided that it had not been traveled recently; but a short distance from appellant's residence, and on his premises, the sheriff and his deputies discovered a track which appeared to have gone from the house northward, and the same track returned toward the house. After going beyond the limits of the appellant's land, one of the trails, which seemed to have been more traveled than the other, led to where some barrels of mash were situated. These barrels were covered with boards, some sawed and some riven. Further along the trail, some distance from this mash, were found certain parts of the distillery, consisting of a zinc tub, and another zinc tub from which the rim had been cut, and which had a hole in the bottom. This was placed in the first tub, bottom upwards, and the point of connection between them had been daubed with mud. They also found at said place a copper worm, and on the pathway between the appellant's house and the point at which the mash was found, were other places which, the witness stated, had been used as stills. Neither the barrels of mash nor the parts of the distillery were on the premises of the appellant. The sheriff and his deputies took some of the boards from the barrel of mash, and carried them to the appellant's house, where they were compared with the boards used in building his garage. These witnesses testified that the pieces fitted where the sawing was done, and that the grain in the boards was the same. They also found on appellant's land, some distance from his residence, a zinc rim or top which had been cut from a zinc tub.

The appellant was left at the house, where the warrant was served upon him, in the company of two of the deputies, when the sheriff and the other parties went upon the search, so appellant was not with the party

when the barrel of mash and the parts of the distillery were found.

Objection was made to the introduction of the evidence because of the failure to produce the affidavit and the search warrant, and overruled by the trial judge at the close of the case.

At the conclusion of the state's evidence the defendant moved to strike out the state's evidence, and to grant a peremptory instruction of not guilty, which was overruled, and exception taken.

The defendant thereupon testified in his own behalf that he had not had possession of the still, and had no knowledge of the existence of the still; denied that he had made the tracks leading along the pathway to and from the still; and testified that he did not know where the boards came from, but that in building his garage he sawed off the ends of some of the boards, and left them there; he did not know who got them, if they were the boards found by the sheriff. He also testified that the path led to a farm which was rented or leased to two other people, who grew crops thereon, and this path was traveled by them, as well as by himself, in going to and from their home to his place.

They also offered the tenants, who testified that they used the pathway when necessary to go to the appellant's house from their farms, and that they frequently traveled the path, but that they did not know anything about the still or the things seized, until after the seizure was made, and that they did not operate the still.

It was clearly proven that the parts of the still and the barrel of mash were not upon the premises of the appellant, but were situated between a quarter and a half mile distant from his residence, and some two hundred and fifty yards from his land line.

We think, where evidence obtained by a search is offered, the search warrant and the affidavit upon which it is founded should be produced, or their loss established,

and if lost the substantial contents of them should be proven. But considering all the facts in this case, and admitting as being true all that they tend to prove, they are not sufficient to exclude every reasonable hypothesis of innocence. Before circumstantial evidence can amount to proof, it must not only be consistent with the facts proven, and tend to establish guilt, but it should exclude every other reasonable hypothesis save that of guilt. *Algheri* v. *State,* 25 Miss. 584; *Davis* v. *State,* 50 Miss. 93; *Hogan* v. *State,* 127 Miss. 407, 90 So. 99.

It follows, from these views, that the conviction of the appellant cannot be upheld, and the judgment is reversed, and judgment discharging the appellant entered here.

*Reversed and rendered.*