CEARY *v.* STATE.

In Banc. Nov. 8, 1948.

(37 So. (2d) 316)

Jack M. Greaves, for appellant.

M. M. McGowan, and R. O. Arrington, Assistant Attorney General, for appellee.

**McGehee, J.**

This appeal is from a conviction of the appellant, John Ceary, Jr., for assault and battery with intent to kill and murder one Willie Bell. The proof on behalf of the State discloses that the defendant shot Bell with a pistol while the latter was riding on horseback along the highway in the nighttime. That he had commanded Bell to get down off his horse, and while he was dismounting the defendant fired one shot which entered his victim's leg near the pelvis, broke the bone and permanently injured and crippled him.

He was wounded to such an extent that he fell to the ground and was unable to move. The defendant had several other loaded shells left in his pistol, and went away without firing again. The injured man remained in the road until his two companions who were women summoned aid to remove him from the road.

The proof further discloses that immediately before the shooting these parties had had a quarrel at a neighbor's house and it is the contention of the defendant that Bell overtook him on the highway, cursed him and then said, "We are going to settle this tonight". That he then

asked Bell not to come on him, and that as he started to get off the horse he shot him. There was no proof that Bell was making any attempt to kill the defendant or do him any great bodily harm at the time the shot was fired.

The jury was amply justified in finding that the defendant shot his victim at a time when he was not acting in necessary self-defense.

The trial court committed no error in refusing to set aside the verdict and grant the accused a new trial. The only other ground of error assigned is the court's refusal to grant the defendant the following instruction:

"The court instructs the jury for the defendant that if you believe the evidence shows that the defendant had another load in his gun, and could have used it and killed his alleged victim, if he had so desired, but did not do so because he did not want to kill him, you should take this into consideration along with all the facts and circumstances in the case, in determining whether the defendant did intend to kill and murder the prosecuting witness, and if, from all the facts and circumstances in evidence, you have a reasonable doubt as to whether the defendant really meant to murder the prosecuting witness, you cannot lawfully convict him of the offense charged in the indictment."

It will be observed that this instruction did direct the jury's attention to the specific fact that the accused had other loaded shells in his pistol which he could have used after his victim had fallen to the ground, and gives undue emphasis to this fact in telling the jury what particular testimony they should take into consideration in determining whether or not the defendant intended to kill and murder. That is to say, it amounts to a comment on the weight of the evidence as to whether or not the defendant shot with the intent to kill and murder. It would not have left the jury altogether free to consider the very pertinent fact that the accused may have had a good reason to believe that he had already

killed the deceased when he walked away from the scene, since the victim was then lying on the ground unable to move.

In support of his contention that the requested instruction should have been given, the appellant relies upon the case of McCaa v. State, Miss., 38 So. 228, wherein this Court said that an instruction similar to this one in all material respects should have been given. In that case, however, the Court also held that the State had obtained an erroneous instruction against the defendant who was on trial for assault and battery with intent to kill and murder, in that the words ''and murder'' were omitted therefrom. The Court then further commented that the instruction for the defendant (like the one requested in the case now before us) should have been given. The case was reversed and remanded for a new trial. The instruction there given for the state was fatally defective, and manifestly so.

But assuming for the sake of argument, and for that purpose alone, that the Court would have reversed and remanded the McCaa case for the failure alone to give the instruction requested by the defendant, similar in all material respects as aforesaid to the one requested by the appellant in the case at bar, the Court is now of the opinion that such an instruction should never be given. During the more than forty years since the McCaa case was decided, ▆▆▆ the trend of our decisions has been to condemn any instruction which points out and unduly emphasizes any particular bit of testimony in such a manner as to amount to a comment on the weight thereof.

Therefore, without undertaking to distinguish the facts of the present case from those before the Court in the McCaa case, we have concluded that that case should be and it is hereby overruled insofar as it held that the instruction here under consideration should have been given. ▆▆▆ The test under such circumstances is

whether or not the accused intends to kill and murder at the time he fires the shot or otherwise inflicts a wound, and if such intent then exists he is not to be exonerated of the felonious charge by what he does or fails to do thereafter. We are therefore of the opinion that the conviction and sentence should be affirmed.

Affirmed.