JEFFERSON *v.* STATE.

In Banc. Nov. 14, 1949.

No. 37288 (42 So. (2d) 772)

**J. M. Travis** and **J. A. McFarland**, for appellant.

**Joe T. Patterson**, Assistant Attorney General, for appellee.

580

**Roberds, J.**

Jefferson was convicted of the unlawful possession of the integral parts of a still under Section 2632, Mississippi Code 1942. He assigns a number of errors but his argument, reduced to its last analysis, is directed and limited to whether the evidence of his guilt was admissible. He says it was not and urges two reasons in support of his contention.

The first reason is grounded on these facts: The parts of the still were found by the officers upon premises occupied by and in the possession of appellant. ██ The warrant under which the officer made the search authorized a search for stolen beef. The officer made the

search for that purpose. No beef was found, but in the course of the search therefor, the officer found the parts of the still. Appellant urges that under these circumstances no evidence of the finding of the still was competent. This court has ruled that question against appellant. Reynolds v. State, 136 Miss. 329, 101 So. 485, 486. In that case the warrant authorized a search for intoxicating liquors. During the search the officers found the integral parts of a still. The lower court admitted that evidence over the objection of defendant, just as was done in this case. This court, in passing upon the question in that case, said, "It is next contended that the search warrant did not authorize the search for a still or the integral parts of a still, and it was incompetent to admit the evidence of the finding of a still when the search warrant only authorized a search for intoxicating liquors. It seems to us that the reply to this contention is that the officers were legally in the residence and saw the still there, which by law was made a crime . . . .", holding the evidence admissible.

The second reason urged against the competency of the evidence of the State is laid in this state of facts: The affidavit for, and the warrant itself, were lost and could not be found when the trial was had. The State made oral proof of that fact and of the substance of those documents before the trial judge. That proof was full and specific. It disclosed every essential fact contained in the affidavit and the warrant, including the descriptions of the premises, that the warrant was returnable instanter, and every other necessary fact for a valid affidavit and warrant; that the warrant had been duly served and return of such service made thereon; that both papers had been filed in the court of the justice of the peace and in the circuit court, and were before the grand jury when the indictment was returned; that diligent and thorough search and inquiry had been made both by the sheriff and the circuit clerk and neither document could be found; that both had been misplaced, lost or stolen. That was all that

was necessary preliminary to admission of the oral evidence of the search and the finding of the contraband articles. Pickle v. State, 151 Miss. 549, 118 So. 625. Indeed, that was all, in the nature of the case that could be done. No person could have remembered every word, figure and punctuation so as to substitute exact copies. The law, in such situation, does not require the impossible.

Affirmed.