WALTON *v.* STATE.

Division B. Oct. 8, 1951.

No. 38009 (54 So. (2d) 391)

**Dudley W. Conner**, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant, Leo Walton, was convicted of the crime of assault with intent to kill and murder and sentenced to the penitentiary for a term of three years, from which judgment, he appeals.

The evidence in this case on the part of the State shows that Lonnie Mosely, the prosecuting witness, operated an automobile repair shop in the yard back of his home, that he had been doing some work for the appellant, Leo Walton, which resulted in an argument and an altercation in which the prosecuting witness took an ice pick away from the appellant. The appellant then left and said: ''Just wait until I get back in a few minutes.'' The prosecuting witness at this point went in the house and got his rifle,

which was unloaded, brought it back to the shop and leaned it against the bumper of an automobile. In a short time, the appellant returned, armed with a 45 automatic army pistol, and at a time when the prosecuting witness was doing nothing to the appellant, the appellant fired one shot at him which struck a two by four post near where he was standing. The appellant testified in his own behalf and admitted that after the altercation with Mosely, he went home and got his pistol, which he identified, and returned to the prosecuting witness' place of business and shot at him one time, that he did not intend to kill Mosely, that the pistol had several more bullets in it and he could have shot him again if he had so desired. He testified that the reason he shot Mosely was that when he returned and got out of his truck with the pistol, he saw the prosecuting witness with a gun pointed at him, and he was scared and shot.

The first assignment of error argued is that the court erred in refusing the peremptory instruction requested by the defendant. This was not error. Where the evidence is conflicting, a question for the jury is presented. McMillan v. State, 198 Miss. 179, 21 So. (2d) 586, and authorities there cited.

 The next assignment of error argued is that the court erred in giving the State the following instruction: "The court instructs the jury for the state that if you believe from the testimony in this case beyond a reasonable doubt that the defendant * * * then it would be your sworn duty to find the defendant guilty as charged." Counsel for appellant contends that the giving of this instruction was error for the reason that it did not contain the words "and to a moral certainty", citing the cases of Cumberland v. State, 110 Miss. 521, 70 So. 695, 696, and Jeffcoat v. State, Miss., 21 So. (2d) 8, 10. In the Cumberland case, the trial court refused an instruction requested by the defendant telling the jury "that * * * the state must make out her case to a moral certainty * * *." This Court held that this

instruction should have been given. In the Jeffcoat case, the Court used the words "proved * * * to a moral certainty, beyond all reasonable doubt". However, neither of these cases required the State to include in its instruction "prove beyond all reasonable doubt" and "to a moral certainty". We had been cited to no authority requiring this to be done. The words "reasonable doubt" and "moral certainty" are used interchangeably and are synonymous. In the case of Covington County v. Fite, 120 Miss. 421, 82 So. 308, 309, the Court held that conclusive proof was the equivalent of "to a moral certainty" or "beyond a reasonable doubt". This definition was followed in Jackson Co. v. Meaut, 181 Miss. 282, 179 So. 343. For other definitions of moral certainty, see 27 Words and Phrases, p. 545 et seq.

In Commonwealth v. Costley, 118 Mass. 1, the Court said: 'The phrase 'moral certainty' has been introduced into our jurisprudence from the publicists and metaphysicians, and signifies only a very high degree of probability. It was observed by Pufendorf, that, 'when we declare such a thing to be morally certain because it has been confirmed by creditable witnesses this moral certitude is nothing else but a strong presumption grounded on probable reasons, and which very seldom fails and deceives us.' Law of Nature & Nations (Eng. ed. 1749) book 1, c. 2, sec. 11. 'Probable evidence,' says Bishop Butler, in the opening sentence of his Analogy, 'is essentially distinguished from demonstrative by this, that it admits of degrees, and of all variety of them, from the highest moral certainty to the very lowest presumption.'

"Proof 'beyond a reasonable doubt' is not beyond all possible or imaginary doubt, but such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof 'to a moral certainty', as distinguished from an absolute certainty. As applied to a judicial trial for crime, the two phrases are synonymous and equivalent; each has been used by eminent judges to explain the other; and each signifies such proof as

satisfies the judgment and consciences of the jury, as reasonable men, and applying their reason to the evidence before them, that the crime charged has been committed by the defendant, and so satisfies them as to leave no other reasonable conclusion possible.''

The rule in this state is that proof of guilt beyond a reasonable doubt in cases of direct evidence is sufficient and all that is required. In the recent case, Bolin et al. v. State, 209 Miss. 866, 873, 48 So. (2d) 581, 584, the Court said, referring to an instruction granted the state: ''The second is similar to others which have been approved many times by this Court to the effect that the jury does not have to actually know that the defendants are guilty in order to convict them, but may do so if the jury believes them guilty from all of the evidence in the case beyond a reasonable doubt. Sauer v. State, 1932, 166 Miss. 507, 144 So. 225; Allgood v. State, 1938, 173 Miss. 27, 161 So. 756.''

The appellant next argues that the court erred in refusing the defendant a requested instruction which we find to be not properly worded and applicable only to cases depending upon circumstantial evidence. Hence there was no error in refusing this instruction.

The appellant next argues that the trial court erred in refusing the following instruction: ''The court instructs the jury for the defendant that in order to convict the defendant of shooting with intent to kill the prosecuting witness, it is necessary for the State to prove that the defendant maliciously and deliberately formed an intention to kill the prosecuting witness and that with such deliberately formed intention, he attempted to carry such intention into effect, and was only prevented from so doing by some interception, not of his own will; or else under circumstances showing that there was no considerable provocation for the attack on the said prosecuting witness where all the circumstances show an abandoned and malignant heart, and this must be established beyond a reasonable doubt; and if the prosecution

fails so to prove these matters, then the jury must acquit the defendant of the offense of shooting with the intent to kill."

The refusal of this instruction was not error. The appellant's argument is answered in the case of Ceary v. State, 204 Miss. 299, 37 So. (2d) 316, 317. There the Court said: ██ █ "The test under such circumstances is whether or not the accused intends to kill and murder at the time he fires the shot or otherwise inflicts a wound, and if such intent then exists he is not to be exonerated of the felonious charge by what he does or fails to do thereafter." The trial court gave the appellant ten instructions which presented every phase of his defense.

The conviction in this case is amply supported by the evidence, and we are, therefore, of the opinion that the conviction and sentence should be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the conviction and sentence of the court below is affirmed.