HARVEY v. STATE

No. 40713 December 9, 1957 98 So. 2d 764

D. A. *McLeod,* Mount Olive, for appellant.

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

George Harvey appeals here from a conviction of the unlawful possession of intoxicating liquor.

The question of the admissibility of the State's evidence appears at the very threshold of this appeal.

Dale Shoemake, sheriff of Covington County, testified that, on April 27, 1956, he made an affidavit before Sid Richardson, a justice of the peace of District No. 4 of

the county, for the purpose of securing a search warrant to search the premises of the defendant. Richardson kept the affidavit, which had been signed, and issued the search warrant. The sheriff and his deputy, Bob Magee, with the warrant, made the search and found the liquor. Following this, Shoemake made his return on the warrant. However, he decided not to carry the prosecution forward in the justice of the peace court, and withdrew the same without prejudice. At that time, both the affidavit and the search warrant were in the hands of Richardson. Shoemake has not seen them since. His testimony was that they were lost to the "sight" and "the files of this court". He went into detail as to the contents of the papers. The circuit clerk testified that he had never seen these papers and had never had them in his possession. Sid Richardson, the justice of the peace, in whose possession they were last seen, and who was their proper custodian, was not offered as a witness. Presumably he still had the papers; but if not, and if they were lost, he could have said so.

Although the affidavit and the warrant were not produced on the trial, and although the proof was insufficient to show their loss, the court, over the objection of the defendant, permitted proof as to their contents, and held that the search was lawful.

The founders of both the national and the state governments, in an effort to guarantee the security of the people from unreasonable seizure or search, by the Fourth Amendment to the Constitution of the United States and by Section 23, Article 3, of the Constitution of Mississippi, required that no warrant should be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.

In Cuevas v. City of Gulfport, 134 Miss. 644, 99 So. 503, the affidavit and the search warrant were not introduced. Neither was there proof of their destruction or

loss or of their contents. The conviction was reversed.

In Pickle v. State, 151 Miss. 549, 118 So.˙625, this Court said: " * * where evidence obtained by a search is offered, the search warrant and the affidavit upon which it is founded should be produced, or their loss established, and if lost the substantial contents of them should be proven."

In Boyd v. State, 164 Miss. 610, 145 So. 618, the liquor was obtained by a search of the appellant's premises. The State did not produce the affidavit and the search warrant, but undertook to show that the papers had been lost. The proper custodian of the papers was not introduced as a witness. Citing the Cuevas and Pickle cases, supra, the Court said: "If the affidavit and search warrant have been lost, the proof must show not only the loss but also substantially their contents."

In Jefferson v. State, 207 Miss. 576, 42 So. 2d 772, a conviction of the unlawful possession of the integral parts of a still, the affidavit and the search warrant had been filed in the circuit court and were before the grand jury when the indictment was returned, but they had been misplaced, lost or stolen. The proof was full and specific as to the loss, and as to the contents, of these papers, and the evidence acquired by the search was therefore held to be admissible.

 █ The affidavit and the search warrant must be produced on the trial unless they are lost. If they are lost, then full proof both as to the loss and as to their contents must be made. Otherwise, the constitutional safeguards, designed for the security of the people from unreasonable seizure and search, become meaningless.

 █ For the error in sustaining the validity of this search, based on proof as to the contents of the affidavit and the search warrant without showing that they were lost, the cause is reversed and remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.