202 So.2d 644 (1967)
Walter COLLINS
v.
STATE of Mississippi.
No. 44421.
Supreme Court of Mississippi.
September 25, 1967.
Suggestion of Error Overruled October 16, 1967.
*645 Dyer & Dyer, on appeal only, Greenville, Townsend, Welch & Terney, Drew, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant, Walter Collins, was indicted, tried and convicted of the crime of murder in the Circuit Court of Sunflower County. The jury fixed his punishment at life in the state penitentiary. A judgment was entered in accordance with the verdict, from which he appealed.
On Sunday, August 22, 1966, appellant, Willie Young, Willie's brother Dan, and others were at the home of Deretha Davenport in Sunflower County. Appellant and Dan engaged in an argument. They were "throwing signs." The meaning of the term "throwing signs" is not clear in the record, but in any event, the argument did not result in any physical violence or threat. Appellant left, and told Dan that he would be back. He then drove his car down the road a short distance, turned around and returned. He stopped his car on the county road in front of the house. He got out of the car with a rifle which he proceeded to load. Willie Young started out to the road with the stated intention of telling appellant not to come up there shooting at his brother Dan. Young had in his hand a package of cigarettes and some matches, and as he approached appellant, he asked him if he wanted a cigarette. Appellant told Young to stop. When Young did not stop, appellant fired one shot over his head. Young still did not stop, and appellant fired another shot which struck Young in the center of the chest. Young fell, and died shortly thereafter. Appellant left the scene, and later that afternoon was arrested at his home by the sheriff of Sunflower County.
Appellant's assignment of errors is as follows:
(1) The lower Court erred in granting the State's instruction number 1 which attempted to define what is reasonable doubt.
(2) The lower Court erred in allowing the State to introduce into evidence over the objection of the defendant the .22 rifle which was said to have caused the death of the decedent.

*646 (3) The lower Court erred in overruling Appellant's motion for a new trial.
There is no merit in the assignment of error relative to instruction number 1 granted the State. This instruction is similar to others that have been specifically approved many times by this Court, and is to the effect that the jury does not have to actually know that the defendant is guilty in order to convict, but may convict if the jury believes him guilty from all the evidence in the case beyond a reasonable doubt. Walton v. State, 212 Miss. 270, 54 So.2d 391 (1951); Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950); Allgood v. State, 173 Miss. 27, 161 So. 756 (1935); Sauer v. State, 166 Miss. 507, 144 So. 225 (1932).
We have carefully considered the assignment of error relative to the introduction of the rifle into evidence over the objection of the appellant, and find no reversible error in this regard. The record reflects that W.I. Hollowell, Sheriff of Sunflower County, investigated the shooting. When he arrived, he found the body of Young lying in the road. He saw that Young had been shot in the center of the chest, and the size of the wound indicated that it had been inflicted by a .22 caliber bullet. About an hour later he arrested the appellant at his home. In the course of his investigation he found a .22 caliber rifle in the back seat of appellant's car. He was unable to say whether the rifle had been recently fired, and made no effort to establish that this was the gun that fired the fatal shot. When the State offered the rifle in evidence, appellant objected. It was marked for identification, and later, when the state again offered it in evidence, appellant made the following objection: "The defendant again objects on the ground that it has not been sufficiently connected up as being the weapon involved in this case, if any."
The trial court overruled the objection and allowed the rifle to be introduced in evidence. No objection was made relative to the legality of the search at that time. Neither was it raised in appellant's motion for a new trial. Upon appeal it is argued for the first time that the search was illegal, inasmuch as the state offered no proof of the sheriff's authority for the search and seizure of the gun.
The conviction did not rest upon the question of whether the shooting was done with this particular rifle. Indeed, the evidence on behalf of the State was ample to support the conviction without the introduction of any weapon. Two eyewitnesses testified that they saw appellant shoot the deceased with a rifle and that he fell as a result of the shot. Appellant's defense was that of self-defense, so there was no issue relative to who shot and killed the deceased. Although he did not testify, he was granted several instructions fully covering this defense. Under these circumstances we are unable to say that the appellant was prejudiced by the admission of this evidence or that it affected his substantial rights. If there was error in this regard, there is no reasonable doubt of it being harmless and not reversible. Miss. Rule 11; Lampkin v. State, 214 Miss. 735, 59 So.2d 335 (1952); Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
We find no merit in the assignment of error relative to the overruling of appellant's motion for a new trial. The main contention raised in this regard involves remarks made to the jury by the district attorney in his closing argument. There was no objection to the argument at the time it was made, and no motion was made for a mistrial. Three days after the trial, appellant filed a motion for a new trial and raised for the first time the objection to the argument of the district attorney. The trial judge in passing on the motion for a new trial on this ground stated:
Counsel, the motion comes too late, assuming that what you allege is true, this being an alleged statement by the District Attorney at the close of the State's case, it comes too late. No objection was made *647 by the attorney for the defendant and the error, if any, could not have been properly corrected by the court; that following the verdict the passage of time, three days, the court feels that the motion comes too late and the motion is OVERRULED.
The rule is well settled in this state that in order to take advantage of improper argument on the part of the prosecuting attorney, an objection must be made at the time the improper argument is made. Furthermore, if the objection is timely made and is sustained by the court, and the jury is instructed to disregard the argument, this court will not consider it on appeal unless the motion for a mistrial is timely made. In Woods v. State, 37 So.2d 319 (Miss. 1948), wherein appellant was convicted of murder, we said in regard to a similar situation:
On the second contention, no objection was offered to the remarks of the district attorney at the time they were made, no bill of exceptions was taken, and no motion for a mistrial was asked by the defendant. The trial judge was not requested to rule on either proposition. Under the circumstances, we cannot consider these question(s) on the appeal. Darby v. State, 121 Miss. 869, 84 So. 6; Matthews v. State, 148 Miss. 696, 114 So. 816; Holmes v. State, 151 Miss. 702, 118 So. 431, 437; Hathaway v. State, Miss., 13 So.2d 819 (Suggestion of error sustained 195 Miss. 311, 15 So.2d 361).
After a careful review of the whole record in the case, we find that the evidence is ample to support a conviction of murder, and this case is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.