BRADY, Justice:
This is an appeal from a jury verdict rendered against the appellant, Hershel Ellsworth Walker, in the Circuit Court of Forrest County, Mississippi, wherein the appellant was found guilty of the crime of burglary and sentenced to five years in the Mississippi State Penitentiary.
The facts pertinent to this appeal are as follows: On June 12, 1968, someone entered the home of McNease Modney in Petal, Forrest County, Mississippi, by cutting two slits in the screen of a front window, unfastening two latches, lifting the screen, raising the closed glass window, and crawling through the window and into the house. Mr. and Mrs. Mooney were not home at the time, but had already left for work about a quarter to seven. When Mrs. Mooney returned home, she found missing from a dresser drawer in their bedroom a collection of coins which Mr. Mooney testified had a face value of forty-eight dollars. Mr. Mooney stated that the appellant and his wife had visited in the Mooney home *117 about three or four weeks before the burglary and that at that time the appellant had been shown the coin collection and had tried to purchase some of the coins, but that he had refused the appellant’s offer. No other items were found missing,
A neighbor of the Mooneys, Mrs. Crab-tree, and her eleven year old daughter Beverly testified that on June 12 at approximately 7:20 a. m. they had seen a man in his thirties, about five feet, ten inches tall and weighing about one hundred and seventy-five pounds, with black hair and wearing a blue shirt with a Kayo emblem on the back and blue pants cut the screen, stand on a cement block which he had pulled under the window and crawl through the window and into the house. Mrs. Crab-tree testified that she got a good look at the man as he left the house through the front door, and she made a positive courtroom identification of the appellant as the man that she saw. Appellant’s attorney brought out on the cross-examination of Mrs. Crabtree that she had previously seen the appellant at the j ail where she had identified him and that at the time of the identification at the jail he was not placed in a line-up and did not have counsel present. The man drove away from the Mooney home in a black 1954 Chevrolet with a white top, bearing the license number F 7268. This automobile was owned by, but not registered to, the appellant.
The proof shows that the appellant was the manager of the Kayo Service Station on Bouie Street in Hattiesburg, Mississippi, on the date of the burglary. The appellant’s defense rests mainly upon his own testimony and that of Willie D. Blackburn, who was employed at the Kayo Service Station. The appellant and Willie D. Blackburn testified that they both arrived at the station about 7:00 a. m. on June 12, 1968, and that the appellant did not leave the station until about noon when he went to pick up his wife and take her to lunch. According to their testimony a man named Harold Clayton Sauls, who was about the same height, weight and coloring as the appellant and who was wearing a blue shirt with a Kayo emblem, borrowed the appellant’s car on the morning of June 12 for about an hour or an hour and a half, The appellant also denied having tried to buy any of the coins from Mr. Mooney.
Another employee of the Kayo Service Station, John Gary Freeman, testified that he had relieved Willie D. Blackburn at 7:00 a. m. on June 12, and that he, not Blackburn, had worked the shift which began at 7:00 a. m. on that day. He further testified that he had seen no one borrow the appellant’s car that morning.
The appellant was arrested on June 13, 1968, at approximately 10:30 or 11:00 a. m. He was later released on bond.
Two errors are assigned by the appellant :
1. That the court erred in granting to the state certain instructions.
2. That the court erred in sustaining the state’s objection to testimony sought to be offered by the defendant.
The instruction which was granted the state and which is now complained of by the appellant is as follows:
The Court instructs the Jury for the State that you do not have to know that the defendant is guilty of the crime charged in the indictment before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that he is guilty of the crime charged, and if you so believe, then it would be your sworn duty to find the defendant guilty as charged.
In Carroll v. State, 215 So.2d 871 (Miss. 1968) this Court said:
While the instruction contains a correct statement of an abstract principle of law, we think that it falls within that class of instructions which it would be better not to give but which, in themselves, do not constitute reversible error. *118 The evidence of guilt in this case was ample and we find no reversible error in the record.
We also held in Collins v. State, 202 So. 2d 644 (Miss. 1967) that the granting of an instruction similar to the one in the case at bar did not constitute error, citing therein the cases of Walton v. State, 212 Miss. 270, 54 So.2d 391 (1951), Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950), Allgood v. State, 173 Miss. 27, 161 So. 756 (1935) and Sauer v. State, 166 Miss. 507, 144 So. 225 (1932).
In Allgood v. State, supra, in which case an instruction quite similar and embodying the same principles of law was involved, we expressly held:
We have uniformly refused to reverse for the giving of this instruction. In fact, the jury are not required to know that any person is guilty, but are to believe from the evidence, beyond a reasonable doubt, that he is guilty. Knowledge is not always attainable, and usually a juror having knowledge of the facts of the case, if this be disclosed, will be deemed incompetent. The jury are supposed to go into the jury box with an open mind and a disposition to do justice according to the evidence. (173 Miss, at 33, 161 So. at 758).
The second error assigned is that by the exclusion of certain testimony of the appellant’s witness Blackburn the appellant was deprived of Blackburn’s testimony showing that Blackburn had filled out a certain report and therefore the jury was permitted to believe that Blackburn did nothing more than sign the blank report before the figures were entered by some other person. After the question was put in issue as to who worked the shift which began at 7:00 a. m. on June 12, Willie D. Blackburn or John Gary Freeman, the appellant attempted to show through daily reports kept by the station that Willie D. Blackburn actually worked the shift which began at 7:00 a. m. on that date. These reports itemized the products and showed how many of each item had been sold during the shift covered by the report. The report is signed by the man who worked the shift, but there is nothing in the report which specifically states what shift the report covers. Mr. George Wynn, Supervisor for Kayo Oil Company, testified that although the time is not specified on the report, less is sold during the 7:00 a. m. to 2:00 p. m. shift than during the 2:00 p. m. to 10:00 p. m. shift. A report signed by Willie D. Blackburn was put into evidence. On cross-examination Willie D. Blackburn testified that the only thing which he had put on the report was his name and that the appellant had filled out the report when he did so. Mr. Blackburn was asked the following question: “So you just signed a blank form, didn’t you?” To which Blackburn answered: “No, sir. That was filled out and we signed each form when we checked on.” Immediately thereafter on redirect examination he was asked: “And it was filled in when you signed it?” Objection was made to this question which was sustained. We find that no reversible error was made in sustaining this objection. The question had been previously answered as shown above, and any further testimony on this point is but repetitious and cumulative.
For the foregoing reasons the verdict of the trial court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.