244 So.2d 30 (1971)
Willie Lee STEVENSON
v.
STATE of Mississippi.
No. 46194.
Supreme Court of Mississippi.
February 1, 1971.
*31 Gerald H. Jacks, Alfred A. Levingston, Cleveland, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Willie Lee Stevenson was indicted, tried and convicted on a charge of armed robbery in the Circuit Court of Bolivar County. He was sentenced to serve a term of twenty years in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
At about 7:30 P.M. on July 23, 1969, two men entered the grocery store owned by Mr. and Mrs. M.O. McCaffrey, located on State Highway 450 about 26 miles south of Rosedale. Mr. and Mrs. McCaffrey recognized the two men as being the same two men who were in their store on the previous Sunday. Appellant was later identified by Mr. and Mrs. McCaffrey as being one of the men. Mr. McCaffrey testified that appellant asked for a package of Salem cigarettes, which he turned to get. When he turned back, appellant had a sawed off .22 caliber rifle in his hand pointed at him. Appellant told McCaffrey not to move and stand still. McCaffrey replied that he was not about to move with that gun in his face. Appellant then shot McCaffrey. The bullet struck his skull and glanced off and went into the ceiling. The force of the blow knocked McCaffrey to the floor and he momentarily lost consciousness. When he came to he found that his pocketbook with $350 was missing and about $100 had been taken from the cash register. Mrs. McCaffrey testified that the other man asked for some meat and she was preparing to slice it when she heard the man say, "Stand still and do not move." She said that after her husband had been shot, she obtained a pistol from a shelf near where she was standing. She fired several shots at the robbers, but missed. Appellant fired at her, but also missed. When his gun would not fire again, appellant threw the gun at her, striking her and knocking her to the floor. Mr. McCaffrey, who had regained consciousness, told her to stay down. After the men left the store McCaffrey went to the door and saw a light colored car leaving.
Appellant was indicted for the robbery at the October 1969 term of the court and was arrested during the same month in Detroit, Michigan. He was later extradited to Mississippi and was held in jail until the next term of court which convened on April 6, 1970. On that date the original indictment was nol prossed because it was defective, and the grand jury, then in session, reindicted appellant. After appellant was reindicted, he filed a motion for a preliminary hearing. The motion was overruled and a petition for a writ of habeas corpus was denied.
On the trial of his case, both Mr. and Mrs. McCaffrey made an in-court identification of appellant as being the man who participated in the robbery.
Appellant testified in his own behalf and stated that during July 1969 he came to *32 Mississippi in the company of Henry Mitchell and John Dew from Detroit, Michigan, where he was employed. The purpose of his trip was to visit his father and mother. He admitted that he went to a grocery store on Highway 450 on a Sunday morning about 9 A.M. and that Henry Mitchell was with him. He also identified the gun used in the robbery as being a gun he had seen John Dew remove from the trunk of Henry Mitchell's car. He denied that he took part in the robbery, and testified that he hitchhiked a ride to Greenville on Wednesday afternoon the day of the robbery and caught a bus for Detroit at about 8 P.M. on that day.
Appellant assigns as error the following:
1. The court erred in denying appellant's motion for a preliminary hearing.
2. The court erred in admitting the testimony of Honorable L.B. Williams, Sheriff of Bolivar County, relative to the statements made to him by the appellant concerning appellant's loss of weight.
3. The court should not have allowed the in-court identification of appellant by the prosecuting witnesses.
4. The prosecuting attorney committed reversible error during his closing argument when he referred to matters not supported by the evidence and when he referred to testimony which the judge had specifically excluded from the evidence.
5. The constitutional rights of appellant were violated.
We find no merit in appellant's assignment of error that the trial court erred in denying his motion for a preliminary hearing. The record in this case reflects that appellant was tried on an indictment returned by the grand jury on April 6, 1970, being the first day of the April 1970 term of the court. On April 10, 1970, appellant filed a motion for a preliminary hearing. The motion set out that appellant had made a motion ore tenus for a preliminary hearing prior to his indictment and that on the day of the indictment, filed a petition for a writ of habeas corpus requesting the court to discharge the appellant for failure of the state to grant the defendant a prompt and speedy preliminary hearing, and that the court had denied his petition for a writ of habeas corpus. The motion was overruled on the same date. Insofar as the record reflects, no proof was offered by appellant to support this motion. The only thing in the record that tends to support this allegation is a notice by appellant that he proposed to file an amendment to a special bill of exceptions granted by the court. It was alleged in the proposed amendment that appellant was indicted at the October 1969 term of the court for armed robbery and he was arrested subsequent to the indictment in Detroit, Michigan, and extradited to Mississippi in February 1970 to stand trial on the charge of armed robbery. It was also alleged that he requested a preliminary hearing which was denied. Appellant alleged that on April 6, 1970, he was informed by the county attorney that the indictment returned at the October term of the court was going to be nol prossed because it was defective and that the case would be submitted to the grand jury then in session. The proposed amendment also alleged that counsel for defendant then requested a preliminary hearing which was denied and that on the same day he filed a petition for writ of habeas corpus which was denied. We are unable to find anything in the record to indicate that the trial court ever approved or consented to the proposed amendment to the bill of exceptions as required by the provisions of Section 1535, Mississippi Code 1942 Annotated (1956), and the decisions of this Court. This being true the proposed amendment is not properly a part of the record in this case.
However, if it were a part of the record, appellant was not entitled to a preliminary hearing for the reason that before he was arrested he had been formally indicted by the grand jury. Section 2473, *33 Mississippi Code 1942 Annotated (1956), relied upon by appellant provides:
Every person making an arrest shall take the offender before the proper officer without unnecessary delay for examination of his case.
This section is not applicable to arrest made by virtue of a warrant issued as a result of an indictment made by the grand jury. The nature and purpose of a preliminary hearing as required by Section 2473, supra, is to determine whether probable cause exists to have a person held for trial. McLelland v. State, 204 So.2d 158 (Miss. 1967). An indictment by a grand jury is a determination that probable cause does exist to hold the person indicted for trial. The action of the trial court in overruling a motion for a preliminary hearing was not error.
Appellant also urges that the admission of the appellant's voluntary statement to the sheriff that he had gained some of his weight back, was error. The record reflects that appellant while being escorted by the sheriff to the telephone to make a call voluntarily stated, without being questioned in any way by the sheriff that "he had gained some weight back." Appellant contends that he did not knowingly and intelligently waive his right to remain silent and that he was not informed of those rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Voluntary statements are not barred by the Fifth Amendment and their admissibility is not affected by the Miranda decision. It is not contended by appellant that the sheriff ever questioned him about the crime for which he was tried. The statement was volunteered by appellant and it was material on the question of identification, but certainly was not a confession of guilt.
Appellant's contention that the court should not have allowed the in-court identification by Mr. and Mrs. McCaffrey is without merit. The basis for this contention is that Mr. McCaffrey testified that after appellant was indicted that he was presented with some seven photographs of different men one of which was a photograph of the appellant. After observing the photographs he picked out a photograph of the appellant. At this point appellant objected to this testimony and the objection was sustained by the trial court. The court instructed the jury to disregard the testimony as to the photographs. No motion for a mistrial was made at this point. Prior to this testimony Mr. McCaffrey had already identified appellant as the man who drew the gun on him, shot, and robbed him. Appellant contends that the photograph shown to Mr. McCaffrey from which he identified appellant as one of the robbers was tantamount to a lineup without the appellant or his counsel being present and that this brings this case within the rule announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However the rule announced in Wade and other lineup cases does not apply to out of court photograph identification whether the accused is in custody or not. United States v. Ballard, 423 F.2d 127 (1970). Furthermore, in this case there was ample evidence to show that Mr. McCaffrey's in-court identification was based upon independent facts.
Finally, appellant contends that during the closing arguments the prosecuting attorney made reference to matters not in evidence which were highly prejudicial to appellant. A bill of exceptions reflects that the district attorney stated that appellant after arrest refused to return to Mississippi voluntarily and was ordered to do so. Appellant objected to this argument and the objection was sustained by the trial court. No request was made for the court to instruct the jury not to consider the argument, neither was a motion for a mistrial made. We said in Collins v. State, 202 So.2d 644 (Miss. 1967) that:
The rule is well settled in this state that in order to take advantage of improper *34 argument on the part of the prosecuting attorney, an objection must be made at the time the improper argument is made. Furthermore, if the objection is timely made and is sustained by the court, and the jury is instructed to disregard the argument, this court will not consider it on appeal unless the motion for a mistrial is timely made. (202 So.2d at 647).
Appellant also contends that the prosecuting attorney argued matters not in evidence. However, the bill of exception shows that counsel for appellant failed to object to this argument while it was being made. The rule is that the only way to reach improper argument of counsel is by objection at the time, and by motion for a new trial. Bond v. State, 249 Miss. 352, 162 So.2d 510 (1964).
After a careful review of the evidence in this case, we find that there was ample evidence to support the verdict of the jury. Appellant's constitutional rights were not violated and there being no reversible error in this record, this case must be and is affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.