283 So.2d 595 (1973)
W.C. TORRENCE
v.
STATE of Mississippi.
No. 47440.
Supreme Court of Mississippi.
October 8, 1973.
*596 Clayton Taylor Lewis, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant W.C. Torrence was indicted by a Grand Jury of Scott County, Mississippi, for the crime of assault and battery with intent to kill and murder one Willard Eure, a policeman. He was tried, convicted and sentenced to serve a term of ten (10) years in the state penitentiary. He has appealed to this court and now contends that the trial court committed reversible error in permitting an affidavit and warrant to be introduced in evidence by the prosecution to show the reason why the officer attempted to arrest appellant. The appellant also contends that the verdict of the jury was against the great weight of the testimony.
The evidence in this case for the prosecution and for the defendant shows that an altercation occurred between a police officer and the appellant at a time when the officer was attempting to arrest the appellant. There are two versions as to what occurred. The jury accepted the version of the prosecution, and we are of the opinion that the verdict of the jury is not against the great weight of the evidence.
The appellant argues that he had a right to resist arrest because the officer was attempting to arrest him on a misdemeanor charge when the alleged crime was not committed in the officer's presence; that the officer failed to provide a warrant for *597 his arrest; and that the attempted arrest was therefore illegal.
The appellant has cited Section 2470, Mississippi Code 1942 Annotated (1956), and several of the many cases from this court, holding that the foregoing Code section required an officer to have a warrant in his possession at the time of the arrest in a case when the alleged misdemeanor was not committed in the presence of the arresting officer. However, the Legislature of Mississippi changed Section 2470, supra, by an amendment in 1968 so as to permit arrest without a warrant under certain circumstances. The amendment is in the following language:
"... Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and the cause therefor. If the person arrested so requests, the warrant shall be shown to him as soon as practicable." Miss.Code 1942 Ann., § 2470 (Supp. 1972).
In the instant case, the testimony showed that there was an outstanding warrant for the arrest of the appellant at the time of the arrest, and that the officer knew of its existence. There is no merit in this contention.
It is seriously contended by the appellant that the introduction of the warrant in evidence against the appellant was error, because [it is pointed out that] the affidavit on which the warrant was issued charged that the misdemeanor mentioned therein was committed on the "3 day of December, 1972", although the affidavit was made in 1971. However, the warrant was issued December 6, 1971, and the writing of 1972 in the affidavit was clearly a scrivener's mistake. The rule seems to be that where two dates appear in an affidavit or an indictment, one of which is impossible and apparently a clerical error, the indictment is not invalid. 27 Am.Jur. Indictments and Informations § 73, at 636 (1940). It may be amended. Sections 2449-2451, Mississippi Code 1942 Annotated (1956).
Affidavits and warrants are admissible in evidence when their contents are material, but not for the purpose of showing guilt of the crime charged therein. 23 C.J.S. Criminal Law § 846, at 314-316 (1961). This is particularly true when a warrant is offered in evidence as a predicate on which to base testimony, as to the action of an officer in relation to the service of the warrant. Harvey v. State, 232 Miss. 294, 98 So.2d 764 (1957); Boyd v. State, 164 Miss. 610, 145 So. 618 (1933).
In the case of Butler v. State, 212 So.2d 573 (Miss. 1968), we held that the burden of proving that an arrest was lawful was with the person making the arrest. In the instant case the state was required to show that there was an outstanding warrant for the arrest of the accused.
We hold that the introduction of the affidavit and warrant into evidence was proper.
It is argued that the accused did not intend to kill the officer because he shot only once, and, although he had the officer's loaded revolver, he left without killing the officer. Therefore [it is said], this shows conclusively that he did not intend to kill the officer. This theory is not well taken.
There is a long-established rule that "The test under such circumstances is whether or not the accused intends to kill and murder at the time he fires the shot or otherwise inflicts a wound, and if such intent then exists he is not to be exonerated of the felonious charge by what he does or fails to do thereafter." Ceary v. State, 204 Miss. 299, 303-304, 37 So.2d 316, 317 (1948); see also Howard v. State, 212 *598 Miss. 722, 55 So.2d 436 (1951); Walton v. State, 212 Miss. 270, 54 So.2d 391 (1951).
The issue as to what the accused intended at the time he fired the shot is a jury issue, and the argument that the accused had the means to have carried out his intent to kill had he so desired is a jury argument and is not persuasive on appeal.
We find no errors in the record on appeal in this case and the judgment of the trial court must be affirmed.
Affirmed.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.