831 So.2d 1221 (2002)
Artez GRAY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00688-COA.
Court of Appeals of Mississippi.
December 3, 2002.
*1222 John Michael Gilmore, Durant, Attorney for Appellant.
Office of the Attorney General by: John R. Henry Jr., Attorney for Appellee.
Before KING, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. In July 1999, Artez Gray was convicted in the Leflore County Circuit Court of aggravated assault with a deadly weapon. He was sentenced to serve six years in the custody of the Mississippi Department of Corrections with one year suspended.
¶ 2. The incident in question occurred on or about November 29, 1998. Gray and three of his friends were in the parking lot of a Speedway in Greenwood. Gray claims that as they sat at the gas pump, another car driven by Terrel Dickson approached, and Dickson fired shots at Gray's car. Gray returned fire, using a nine millimeter pistol that was in his car. A question arose at trial concerning who fired shots firstGray claiming that Dickson fired first and Gray returning fired only in self-defense.
¶ 3. Gray made a pre-trial ore tenus motion in limine asking the judge to prohibit the State from referring to Gray as a gang member until the State could present evidence sufficient to sustain the inference. The court granted the motion as requested, nonetheless, the State repeatedly referred to Gray's alleged gang activity during the trial, and the judge sustained Gray's objections. On appeal, Gray now claims that he was denied a fair and impartial trial due to the State's disregard of the judge's instructions not to refer to gang activity unless evidence supported such inference. We review Gray's argument and find he failed to preserve this issue for review on appeal; thus, we affirm the trial court.

DISCUSSION OF THE ISSUE

I. DID THE STATE'S REPEATED REFERENCE TO THE APPELLANT'S ALLEGED STATUS AS A GANG MEMBER DENY HIM A FAIR TRIAL?
¶ 4. With his lone issue, Gray argues that the prosecutor's attempt to convince the jury that the shooting incident was gang-related and his attempt to show that Gray was a member of a gang denied him the right to a fair trial. "The law of this State is quite clear that, in order to preserve an error of this nature for review on appeal, defense counsel must offer a mistrial motion after it is established that the evidence was, in fact, improper." Jones v. State, 724 So.2d 1066 (¶ 11) (Miss.Ct.App.1998). At several points during the trial, Gray objected to and the judge sustained the prosecutor's referral to gangs and this being a gangrelated *1223 shooting. However, at no point from voir dire to the verdict did Gray ask for a mistrial, ask the judge to instruct the jury regarding this issue, or seek a limiting instruction; thus, we find he has not preserved this issue for our review on appeal.
In Stevenson v. State, 244 So.2d 30 (Miss.1971), the appellant claimed he was greatly prejudiced when the prosecutor referred to matters not in evidence during closing arguments. An objection was made and sustained when the comments were made. However, appellant did not ask the judge to instruct the jury to disregard the comments, nor did he move for a mistrial. Because the appellant failed to move for a mistrial or ask for a limiting instruction, this Court refused to consider whether the prosecutor's comments established grounds for a mistrial.

Additionally, this Court has held "in order to take advantage of improper argument on the part of a prosecuting attorney, objection must be interposed at the time the statement is made, and the point will not be considered on appeal unless motion for a mistrial is timely made."

Because Logan merely objected when the prosecutor made comments about stolen vehicles and failed to ask the trial court for a limiting instruction or a mistrial based upon those comments, that issue was not properly preserved for appeal. However, we caution prosecutors to refrain from making comments similar to those presently at issue. "Prosecutors are limited to arguing facts introduced in evidence, deductions and conclusions that may be reasonably draw therefrom, and application of law to facts."
Logan v. State, 773 So.2d 338 (¶¶44-46) (Miss.2000) (citations omitted) (emphasis added). We find Gray's issue to be procedurally barred, and we affirm the judgment of the trial court.
¶ 5. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH ONE YEAR SUSPENDED AND TWO YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEFLORE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.