CASTILLOW *v.* STATE.

(Division A. June 1, 1931.)

[135 So. 205. No. 29467.]

J. M. Morse, of Poplarville, for appellant.

Eugene B. Ethridge, Special Agent, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant was convicted in the circuit court of Pearl River county on a charge of unlawfully having in his possession intoxicating liquor, and was sentenced to pay a fine of one hundred dollars, and from this conviction and sentence he prosecuted this appeal.

The state offered as a witness a deputy sheriff, who testified that he was informed that the appellant would pass a certain point in about fifteen minutes thereafter with whisky in his possession, and that he went to this place, where presently he saw the appellant approach with a small box or package under his arm. When the appellant reached the place where the officer was stationed, the officer asked him if his name was Monroe Castillow, and, upon receiving an affirmative reply, he commanded him to stop. The appellant did not obey this command, but ran from the scene. The officer pursued, and finally overtook and overpowered him. About that time, the sheriff appeared on the scene and took from the appellant the box which he carried, and, upon opening it, these officers found that it contained six pint bottles of intoxicating liquor. Neither the sheriff nor the deputy sheriff had a warrant for the arrest of the appellant, or for the search of his person or possessions; and the deputy sheriff testified that there was nothing other than the information he had received to indicate to him that the appellant had any intoxicating liquor in his possession.

Under the facts above outlined, the arrest of the appellant was illegal; and consequently the evidence obtained as a result of this arrest was inadmissible. Myers v. State, 158 Miss. 554, 130 So. 741. The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.