184 So.2d 403 (1966)
Mose CLAY
v.
STATE of Mississippi.
No. 43819.
Supreme Court of Mississippi.
March 21, 1966.
*404 W.S. Moore, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Annie Lee Woods, a single colored woman, twenty-one years of age, was a victim of a confidence game known as pigeon dropping on August 3, 1964, in Natchez, Mississippi.
On that day a colored man and a colored woman stole from her the sum of $702.00. The victim immediately phoned the Natchez Police Department. Police officers drove her around the City of Natchez for approximately fifteen minutes in an attempt to locate the guilty couple, and then returned to the police station where she gave the police a description of the thieves.
On September 26, 1964, Mose Clay, the defendant-appellant, was going through the City of Natchez in an automobile owned and driven by Jack Singleton. A motorcycle policeman stopped Clay and Singleton and ordered them to follow him to the city hall. They did so and reached the city hall about 11:00 a.m.
*405 The defendant was questioned at some length by policemen and about three hours after the arrest or detention, Annie Lee Woods was brought to the police station and there identified the defendant as the man who took her money. At the time of the identification Clay was in a cell with another colored man and two or three policemen were standing by the cell door. Clay was subsequently indicted by the grand jury of Adams County.
The arresting officer or officers did not testify at the trial. The only police officer who did testify was Charles C. Bahin, Detective Lieutenant of the Natchez Police Department. Bahin met Mose Clay for the first time on September 26, 1964, the day he was brought to the police station. Bahin testified that Clay under questioning admitted to him that he was a pigeon dropper. He further stated that a roll of play money was taken from Clay's pocket and several rolls of play money secured with rubber bands, envelopes and a letter were found in a package or bag which was taken from Mose Clay. Clay admitted to Bahin that this was his property and that it was used in pigeon dropping games. This testimony was admitted over vigorous objections of defendant's counsel.
Two white men and three colored men testified that it would have been impossible for the defendant to have stolen the money from Annie Lee Woods because he was in Brookhaven and Wesson, Mississippi, the entire day of August 3, 1964, the day of the theft. Wesson is about seventy-five miles from Natchez, Mississippi. The jury found the defendant guilty and he was sentenced to five years in the penitentiary. From this verdict and sentence, the defendant-appellant appeals to this Court.
The defendant contends that inasmuch as he was illegally detained by the Natchez Police at the time that he was identified by Annie Lee Woods, that she should not have been permitted to testify against him at the trial because this was violative of his right to be secure in his person against unlawful and unreasonable searches and seizures. We do not think there is any merit in this contention, and that no matter where the prosecuting witness may have been at the time she first identified the defendant, that she should be allowed to testify to this at the trial.
The defendant next contends that he was illegally detained or illegally arrested in that his arrest was without probable cause, and that any admissions made by him or any items of property found on him or in his possession were fruits of the illegal arrest and should not have been admitted in evidence. We agree with the defendant in this contention.
Section 23 of the Constitution of the State of Mississippi provides:
"The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

Section 2470, Mississippi Code of 1942, Annotated (1956), provides:
"An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit." (Emphasis added.)
*406 This so-called arrest took place on September 26, 1964, seven weeks and five days after the commission of the crime. It is not clear from the record in this case whether or not a warrant was issued for the arrest of the defendant. The arresting officer did not testify so there is no testimony in the record that the accused was informed by the arresting officer of the object and cause of the arrest.
The defendant testified that he was not so advised, so the defendant by his testimony made out a prima facie case of illegal detention and arrest.
The burden of proof then shifted to the State to prove that there was probable cause for the issuance of a warrant or reasonable cause for the making of the charge. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The arresting officer or officers did not testify so there is no testimony whatsoever in the record to refute the prima facie case of illegal detention and arrest made out by defendant.
The testimony of Lieutenant Bahin that Clay admitted to him that he was a pigeon dropper, and that rolls of play money, envelopes and other indicia of the vocation of pigeon dropping were taken from the defendant on the occasion of his illegal arrest and detention, should have been excluded. Fulton v. City of Philadelphia, 168 Miss. 30, 148 So. 346 (1933); Orick v. State, 140 Miss. 184, 105 So. 465, 41 A.L.R. 1129 (1925); Elkins v. United States, 364 U.S. 206, 80 Sup.Ct. 1437, 4 L.Ed.2d 1669 (1960); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The State contends that Officer Bahin's testimony had no effect upon the conviction of defendant. The complete answer to this argument that the admission of Detective Bahin's testimony constituted "harmless error" is found in the case of Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), wherein the Court said:
"We are not concerned here with whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." (Emphasis added.)
There is certainly a reasonable possibility that the testimony of Officer Bahin contributed to conviction. Five witnesses testified positively and unequivocally that the defendant was in Wesson, Mississippi, and not Natchez, Mississippi, on August 3, 1964, the day of the commission of the crime. The only evidence on which the jury could find the defendant guilty was the positive identification of the defendant by the prosecuting witness, and the testimony of Officer Bahin as to the admission of the defendant that he was a pigeon dropper and the taking from the defendant of the paraphernalia of the trade.
We feel that the testimony of Officer Bahin could very well have been the deciding factor in finding the defendant guilty. The admission of this testimony was not harmless error. The judgment of the lower court, therefore, must be reversed and the cause remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.