226 So.2d 747 (1969)
Sherry Louise CANNING
v.
STATE of Mississippi.
No. 45479.
Supreme Court of Mississippi.
September 29, 1969.
Rex K. Jones, Elliott E. Schlottman, Hattiesburg, for appellant.
*749 A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
*748 RODGERS, Justice:
This is an appeal from a judgment and sentence of the Circuit Court of Forrest County, Mississippi, in which the appellant, Sherry Louise Canning, was sentenced to serve a term of three years in the state penitentiary and to pay a fine of $1,000 for the unlawful possession of "Cannabis Sativa," commonly called marijuana.
The appellant was indicted, tried and convicted on the foregoing charge as the result of the following facts and circumstances. On April 25, 1968, at about 9 p.m., James Breland, a member of the security department at the University of Southern Mississippi, had under surveillance the apartment of Charles Murphy. He observed a woman running down the street on Thirty-first Avenue toward the apartment he had under surveillance. She ran up to the door of 116 North 31st Avenue, and found the door locked. She looked all around the door, under a loose brick, and then turned and started toward the north side of the apartment, where she met James Breland. The officer said she "used a little dirty word" and she "slid up against the wall and just sat down." The officer, Breland, then communicated with "other police authorities." The defendant did not leave until the city police arrived, although she was not under arrest. This officer testified that he had seen the defendant go in this apartment at late hours at night a half dozen or more times.
The city police officers testified that when they arrived they entered the apartment through the front door by using a key they "obtained from Murphy, the apartment leaseholder." The appellant objected to the introduction of further evidence with reference to the entrance of the apartment. The court overruled this objection. The officers then described packages of marijuana, marijuana seed, water pipes and cigarette pipes useful in smoking marijuana. They also described female clothing and a check made payable to the defendant, Sherry Louise Canning, which they said they found in the apartment. The defendant was then arrested, and incarcerated in the city jail. Her clothing was exchanged for other clothing furnished by the police. The various packages of marijuana and the defendant's clothing were delivered to the Mississippi Crime Laboratory. The clothes were examined by a toxicologist, and it was determined that the packages did indeed contain marijuana and that part of the defendant's clothing (a brassiere) had microscopic particles of marijuana clinging to the fabric.
The appellant contends that she was illegally arrested by the security officer before the city policemen entered the apartment, and that the arrest was made without probable cause or reasonable grounds, and made without a warrant, and contends that any search of the premises (Apt. 116, N. 31st Avenue) was, therefore, illegal. In support of this contention, the appellant cites Contreras v. United States, 291 F.2d 63 (9th Cir.1961), as authority on the question of arrest. We would point out that although this authority is interesting, it is not binding on this Court. There are many Mississippi cases cited under the statutory law of this state, and it would be more helpful to this Court if Mississippi authorities were cited on issues which have been settled by this Court, particularly where there is statutory law involved which is binding on this Court. §§ 2467-2469, Miss.Code 1942 Ann. (1956); § 2470, Miss.Code 1942 Ann. (Supp. 1968).
Assuming that the testimony is sufficient to show consent of the tenant for the officers to search, and assuming that the defendant was not arrested until after the search was made, we would nevertheless be confronted with the issue as to whether *750 or not the officers had "probable cause to arrest the defendant" before a search of the person of the defendant would be admissible in evidence. It appears, therefore, that the issue in this case resolves itself into two questions: (1) Did the appellant have "standing to object" to the search of the apartment, and if so, was the search illegal; (2) If the search were a legal search, was the evidence obtained by the search of sufficient nature to give the officers "reasonable grounds to suspect and believe the person proposed to be arrested to have committed" the crime? § 2470, Miss.Code 1942 Ann. (Supp. 1968).
If the appellant had standing to object to the search of the apartment here involved, and the search was an illegal search, or if the evidence obtained by the search were not of sufficient gravity to give the officers reasonable grounds to believe that she was guilty of possessing marijuana, the arrest was illegal, and the officers had no authority to take her clothing for microscopic examination.
During the trial of this case the defendant made a motion for a change of venue, based upon the ground that the defendant could not "secure fair and impartial trial by a jury in Forrest County," because of publicity in local newspapers and television. The defendant offered in evidence pictures and large headlines shown in the local paper. The newspaper set forth in detail the arrest of Michael Charles Murphy, who was arrested in connection with an alleged burglary. It was said he "was allowed to make a telephone call from the police station and was overheard telling someone to go to his apartment and get the stuff out of the closet and dump it." The officers, acting on this information, secured a search warrant and, while police at the apartment were awaiting the arrival of the officers with a search warant, Miss Canning arrived and was arrested as she attempted to enter the building.
No evidence was offered to show that the news media reports were so prejudicial as to prevent the defendant from obtaining a fair trial. If the officers obtained a search warrant for the apartment, it was not introduced in evidence.
On the day when the case was set for trial (August 20, 1968), a motion was made by the defendant to suppress the evidence obtained by the search prior to the trial, and this motion was overruled by the trial judge without a hearing. This Court has adopted a rule requiring a hearing, in advance of trial, of a motion to quash testimony illegally obtained in the case of Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 (1965). The rule in this state on this issue is essentially the same as the federal rule, and the burden of proof is upon the state to produce and establish by evidence the challenged testimony. The trial court should have followed the rule established in Henry, supra.
Did the prisoner have standing to object to the introduction of evidence obtained in the apartment of another upon the trial charging her with the possession of contraband found in the apartment?
It has been the law in this state for many years that one who did not claim an interest in the place searched or the thing seized had no right to complain that his constitutional rights had been violated by the trespassing officers. McBride v. State, 221 Miss. 508, 73 So.2d 154 (1954); Rose v. State, 222 Miss. 699, 76 So.2d 835 (1955); Lee v. City of Oxford, 134 Miss. 647, 99 So. 509 (1924); Ross v. State, 140 Miss. 367, 105 So. 846 (1925); Pickett v. State, 155 Miss. 386, 124 So. 364 (1929); McLemore v. State, 178 Miss. 525, 172 So. 139 (1937); Brown v. State, 192 Miss. 314, 5 So.2d 426 (1942); Slyter v. State, 246 Miss. 402, 149 So.2d 489, 150 So.2d 528 (1963).
We expressly held in Barton v. State, 165 Miss. 355, 143 So. 861 (1932), that visitors are not within the protection of *751 the constitutional provision against unlawful search and seizure.
We followed the time-honored rule above stated in the case of Ball v. State, 194 So.2d 502 (Miss. 1967), in which we pointed out the many cases heretofore decided by this Court; however, we noted at that time the trend being established in the federal courts. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951).
In the case of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960), the Supreme Court of the United States held that a defendant found in the apartment of another, who had permission to be in the apartment, had standing to contend that the entry of officers and subsequent seizure of narcotics found in the apartment were unlawful notwithstanding that defendant testified that the contraband was not his and that the place of arrest was not his home. The Court said:
"* * * To establish `standing,' Courts of Appeals have generally required that the movant claim either to have owned or possessed the seized property or to have had a substantial possessory interest in the premises searched. Since narcotics charges like those in the present indictment may be established through proof solely of possession of narcotics, a defendant seeking to comply with what has been the conventional standing requirement has been forced to allege facts the proof of which would tend, if indeed not be sufficient, to convict him. * *
"* * * Petitioner's conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government. The possession on the basis of which petitioner is to be and was convicted suffices to give him standing under any fair and rational conception of the requirements of Rule 41(e).
"* * *
"As a second ground sustaining `standing' here we hold that petitioner's testimony on the motion to suppress made out a sufficient interest in the premises to establish him as a `person aggrieved' by their search. * * *" (362 U.S. at 261, 80 S.Ct. at 731, 4 L.Ed.2d at 702, 78 A.L.R.2d at 239).
In the case of Mancusi, Warden v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968), the New York state officers searched a union office and seized, without a search warrant, certain books, records and papers belonging to the Teamsters Union Local No. 266. The records were seized in an office shared by the defendant DeForte. Defendant objected to the use of the evidence obtained against him. His objection was overruled and he was convicted of conspiracy, coercion and extortion. On appeal to the State Supreme Court his conviction was affirmed. He sought habeas corpus in the federal district court, and when he failed there, he appealed to the Federal Court of Appeals for the Second Circuit which reversed the district court. The Supreme Court granted certiorari to consider the state's contention that the Court of Appeals erred in upsetting this state conviction. That Court said:
"We deal, first, with the question of `standing.' The Fourth Amendment guarantees that `The right of the people to be secure in their persons, houses, papers and effects, against unreasonable *752 searches and seizures, shall not be violated.' The papers which were seized in this case belonged not to DeForte but to the Union. Hence, DeForte can have personal standing only if, as to him, the search violated the `right of the people to be secure in their * * * houses * * *.'
"Furthermore, the Amendment does not shield only those who have title to the searched premises. It was settled even before our decision in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, that one with a possessory interest in the premises might have standing. See, e.g., United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59. In Jones, even that requirement was loosened, and we held that `anyone legitimately on premises where a search occurs may challenge its legality * * * when its fruits are proposed to be used against him. * * *'
"* * *
"We hold that in these circumstances DeForte had Fourth Amendment standing to object to the admission of the papers at his trial. * * *" (392 U.S. at 367, 88 S.Ct. at 2123, 20 L.Ed.2d at 1158).
There seems to be no question now that the United States Supreme Court has firmly "absorbed" the first eight Amendments of the Constitution of the United States into the "due process" clause of the Fourteenth Amendment, and has thus made them applicable to the states. See list of cases set out in Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522 (1968); Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
Article VI, Section 2 of the United States Constitution states that:
"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; * * *, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
We hold, therefore, that Sherry Louise Canning had standing to object to the search of the apartment here in question.
We are now confronted with the question as to whether or not the search and seizure of the contraband under the circumstances here involved constituted an unlawful search.
It is, of course, elementary that the burden is usually upon those who assert an affirmative to establish their thesis, and this is particularly true where constitutional questions are involved. The burden is upon the State of Mississippi to show that search and seizure of property were done in a lawful manner, otherwise the evidence obtained is not admissible against those who have "standing" to object to the search, and where objection is made at the proper time. Pickle v. State, 151 Miss. 549, 118 So. 625 (1928); Orick v. State, 140 Miss. 184, 105 So. 465, 41 A.L.R. 1129 (1925); Polk v. State, 167 Miss. 506, 142 So. 480 (1932); Reynolds v. State, 136 Miss. 329, 101 So. 485 (1924); Pollard v. State, 205 So.2d 286 (Miss. 1967); Cuevas v. City of Gulfport, 134 Miss. 644, 99 So. 503 (1924); Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950); 22 C.J.S. Criminal Law § 578, p. 326 (1961).
What evidence do we have that the officers had a right to invade the premises of the apartment here involved? It is said that the officers got a key from the tenant. The officers were asked the following questions and gave the following answers:
Q. How did you gain entrance?
A. Through the front door.
Q. Did you use a key?

*753 A. Yes Sir
Q. Where did you get the key?
A. Murphy.
Q. Would that be one and the same as Michael Charles Murphy?
A. Yes Sir
Obviously this testimony does not show consent of the tenant Murphy to search his apartment. The newspaper account indicates that Murphy was in jail, and the fact that the officers got the key from him does not mean that he gave it to them voluntarily, any more than the fact that the officers took the clothing of the defendant from her while she was in jail indicated her consent.
We said in the case of Lewis v. State, 198 Miss. 767, 23 So.2d 401 (1945), that whiskey found in a room by the use of a key taken from the defendant's person by an illegal search was inadmissible in evidence.
The newspaper article shown in the record indicates that the officers obtained a search warrant for his apartment. If that were true, the affidavit and warrant were not shown in the record. There is no presumption of a lawful search and seizure where it appears that the officers acted without a search warrant. 22A C.J.S. Criminal Law § 589(1), p. 352 (1961).
We are of the opinion that the evidence in this case does not show a lawful search of the apartment where the contraband was found, and since the defendant had "standing" to object to the introduction of this evidence, and did object, her objection should have been sustained until such time as the State of Mississippi offered proof to show that the search was a lawful search. Clay v. State, 184 So.2d 403 (Miss. 1966).
At this point a case of like nature would ordinarily be reversed so that the defendant could have a trial without being confronted with the illegal testimony. In the instant case, however, we are confronted with a more serious issue. That is to say, assuming that the search was legal, was there then sufficient evidence obtained by the search to indicate probable cause for the arrest of the defendant?
The fact that microscopic particles of marijuana were found on the clothing taken by the officers from the defendant after her arrest cannot be used against the defendant unless it appears that the search of her clothing was the result of a lawful arrest. It has been said that: "If a search and seizure is illegal at its inception it cannot become legalized by what it brings to light; * * *." 79 C.J.S. Search and Seizure § 51, p. 809 (1952); Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947).
The issue then is clear: Did the officers have "probable cause" for the arrest? It is expressed by our legislature in the language set out in Section 2470, Mississippi Code 1942 Annotated (Supp. 1968), as follows:
"An officer or private person may arrest any person without warrant, for an indictable offense committed * * * in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; * * *."
It has been said that: "Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as will justify him in arresting without a warrant." 6 C.J.S. Arrest § 6, p. 596 (1937).
This Court held in the case of Cochran v. State, 191 Miss. 273, 2 So.2d 822 (1941) that the arrest of a person seen on the outside of a building at a place where the officers were carrying on a lawful search was illegal. The search of his person was illegal *754 although they found intoxicating liquor in the search of the building and also on the person of the defendant. The Court pointed out the rule that "[S]ome degree of participation in the criminal act must be shown in order to establish any criminal liability."
In Jones v. State, 216 Miss. 263, 62 So.2d 334 (1953), it was said the officers chased and arrested defendant who left a place being searched. He was carrying a suitcase. This Court held that the arrest and search of defendant was illegal.
In the case of Hinton v. Sims, 171 Miss. 741, 158 So. 141 (1934), this Court held that the officers had no right to arrest a person approaching an illicit still unless the officers had reasonable grounds to suspect and believe that he owned or had some interest in the operation of the still.
"Probable cause" for the arrest of an accused without a warrant is a judicial question. The arresting officer is not the final judge as to whether or not he has sufficient information on which to base his actions in making an arrest. It is the duty of the court to determine whether or not he had sufficient information on which to predicate a lawful arrest. King v. State, 147 Miss. 31, 113 So. 173 (1927).
It is true that one of the officers had seen the defendant go to the apartment five or six times, but he had seen many others go to this apartment more times than he had observed her going there. Her clothing was found in the apartment, but clothing of other people, other than the tenant's, was also found there. The officers found a check in the apartment made to the defendant, and she was seen attempting to get in the front door of the apartment. Do these facts indicate that the defendant had "possession" of contraband found in the apartment of another? We think this is not true. There is no presumption that contraband found in the apartment of another belongs to one who is visiting the apartment.
We are of the opinion that the officers did not have sufficient information, shown in the record, on which to predicate an arrest, since they did not have reasonable ground to suspect and believe that the defendant was connected with the "possession of marijuana." It is true that they had suspicion that she was excited about something in the apartment, and after having discovered marijuana the officers assumed it was marijuana that prompted her interest. We do not believe the facts here shown are sufficient to establish probable cause for her arrest. Of course, if the arrest were illegal, the evidence obtained by the search of her person was illegal. Castillow v. State, 160 Miss. 473, 135 So. 205 (1931).
Inasmuch as there is no evidence connecting the defendant with the possession of marijuana, other than microscopic fibers found on her clothing seized after an unlawful arrest, we are constrained to hold that the charge here exhibited against the defendant Sherry Louise Canning should be and is hereby dismissed and the defendant discharged.
The instant case against Sherry Louise Canning charging her with possession of marijuana is dismissed and the defendant is hereby discharged.
Case dismissed and defendant discharged.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.