230 So.2d 213 (1970)
Gregory Cleveland FULLER
v.
STATE of Mississippi.
No. 45485.
Supreme Court of Mississippi.
January 12, 1970.
Robert L. Lennon, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The appellant, Gregory Cleveland Fuller, was found guilty of the crime of possession of a narcotic drug, namely, marijuana, by a jury in the Circuit Court of Forrest County, Mississippi. He was sentenced to pay a fine of $1,000 and to serve three years in the state penitentiary.
Briefly, the facts are these. W.V. Oubre, Director of Security of the University of Southern Mississippi, who is also a City of Hattiesburg policeman and a deputy sheriff of Forrest County, swore out an affidavit for a search warrant of the apartment of Martha Alford in Hattiesburg, Mississippi. The apartment was leased to, and occupied by, Martha Alford and Candace Hilton, students at the University.
On the night of May 8, 1968, a search was made at the invitation of Candace Hilton, *214 and on the strength of the search warrant secured. About two hours later, when Martha Alford and her date, Grover Cleveland Fuller, returned to the apartment, they were arrested at the entrance to the apartment and Fuller's person was searched also. Martha Alford was handed a copy of the search warrant, which she and her date, the appellant, examined. The investigating officers had already found in the bottom drawer of the bedside dresser in the only bedroom, a Prince Albert tobacco can containing a penny match box. In this match box was marijuana and marijuana seeds. Some articles of clothing of the appellant were found in the apartment, and it was admitted that appellant had been in the apartment many times. This evidence was the basis for the arrest without warrant of the appellant, and the search without warrant of the appellant.
The two legal questions involved in this case are the same two questions involved in the case of Canning v. State of Mississippi, 226 So.2d 747 (Miss. Sept. 29, 1969). These questions are: (1) Did the appellant have "standing to object" to the search of the apartment, and if so, was the search illegal; (2) If the search were a legal search, was the evidence obtained by the search of sufficient nature to give the officers "reasonable grounds to suspect and believe the person proposed to be arrested to have committed" the crime? § 2470 Miss.Code 1942 Ann. (Supp. 1968).
In Canning, these two questions were answered by this Court adversely to the contentions of the State. Canning is dispositive of this case.
On the basis of Canning, we hold that the appellant did have standing to object, the search as to him was illegal, and his arrest without warrant was illegal. In addition, the evidence obtained in the search of the one-bedroom apartment of Martha Alford and Candace Hilton was not of sufficient nature to give the officers "reasonable grounds to suspect and believe the person proposed to be arrested to have committed" the crime.
The judgment of the trial court is reversed, and the charge against the appellant is dismissed. The appellant will be discharged.
Reversed and appellant discharged.
ETHRIDGE, C.J., and JONES, PATTERSON and INZER, JJ., concur.