## STATE v. LOGUE, et al.
No. 69-1-86.
*Circuit Court, Santa Rosa County.*
January 15, 1970.

Curtis Golden, State Attorney, Milton, and Clyde Wells, Assistant State Attorney, Defuniak Springs, for the state.

Henry Barksdale, H. Clay Mitchell and Clifford Mayo, Jr., all of Pensacola, for the defendants.

WOODROW M. MELVIN, Circuit Judge.

This cause is before the court upon the motion of the defendants, Arthur Lee Logue and William Jefferson Sanders, to suppress as evidence against them, any and all items seized by the sheriff of Santa Rosa County or his deputies, and removed from the Charles Garland McCranie home in Santa Rosa County.

A trailer, boat and motor, and several television sets were seized by the sheriff and his deputies.

The sheriff testified that he obtained his information as to such property and its location on a Sunday night. The raid was conducted Monday night. Although Monday was a business day and contained ample time to obtain a search warrant, the officers did not obtain one. Neither did they obtain a warrant of arrest. The

motion, therefore, is directed to the fruits of a search and seizure conducted without a search warrant, and under circumstances that were not incident to any lawful arrest. See Chimel v. California, 23 L. Ed. 2d, page 685, decided by the Supreme Court of the United States on June 23, 1969.

The search and seizure in question has already been suppressed as to Charles Garland McCranie. The only remaining question is whether the defendants, Arthur Lee Logue and William Jefferson Sanders, who along with Bruce Alva Gibbs, also known as Bruce Martin, were in the McCranie premises, have any standing to challenge the lawfulness of the search and seizure that is admittedly void as to Charles Garland McCranie. They do have such a right under the authority of Florida Rules of Criminal Procedure 1.190 (h), which was derived from Rule 41(e) of the Federal Rules of Criminal Procedure. See Urguhart v. State (Florida) 211 So.2d 79, page 85, Canning v. State (Mississippi) 226 So.2d 747, and Jones v. U.S. 362 U.S. 257, 4 L. Ed. 2d 697.

The constitution and laws — like the warming rays of the summer sun — rest upon the just as well as the unjust. The application of law cannot be granted or denied, depending upon the popularity or lack thereof of the persons involved. Therefore, it is ordered that said motions to suppress are granted.