RODGERS, Justice.
This is an appeal from a conviction and sentence of Tommy T. Amos, Jr., of the crime of possession of Cannabis, Indica (marijuana). This appeal came to this Court from the Circuit Court of Lowndes. County, Mississippi.
The appellant contends that the trial court permitted the introduction into evidence, for the jury’s consideration, certain contraband obtained by an unlawful search. He also contends that a confession made by the appellant was unlawfully obtained and wrongfully admitted into evidence. Finally, appellant argues that the trial court permitted the prosecuting attorney to offer evidence of another crime charged against the defendant.
The facts in this case are strikingly out of the ordinary. The appellant went up to two policemen who were present at an Elks Club dance and advised them that his jacket or coat had been misplaced or lost. He described it as a black leather three- *631 quarter length coat, and requested them to try to find it.
The officers told appellant that they would let him know if they located the coat. The appellant apparently went home. Later during the night some unidentified person brought a coat to the officers at the door. The officers looked for some name or identification mark in the coat, and finding none, they looked in the pockets of the jacket to determine whether or not it was the jacket the appellant requested them to find for him. The officers discovered three Diamond matchboxes with rubber bands lengthwise around them. The officers found one box partially open “which had contents in it that looked to be like some type of dope. It was some crushed leaf-like green leaves in the matchbox.” The officers testified that they did not know that the boxes contained marijuana, but they “suspicioned what might be in there.” The officers testified that the appellant did not appear to be drunk. One of the officers said “I noticed his eyes looked sort of glassy and I didn’t smell any alcohol on his breath.”
The officers called a patrol car and asked the driver to go and notify the appellant that they thought they had his coat and request him to come and identify it. The appellant came back to the Elks Ciub and the officers asked him if the coat they had was his, and he said “That’s it.” The officers then requested the appellant to look in the pockets and see if everything was in his pockets, and after having done, so, he said “Everything is here”; whereupon, he took the coat and started out. The officers then arrested the appellant and advised him the reason for his arrest. The officers then advised him of his rights, and turned him over to the patrol officers to be conveyed to the police headquarters.
The appellant was again advised of his constitutional rights after he reached the police headquarters and he signed a waiver agreeing to answer questions. He admitted that he had marijuana in his coat pocket and stated that he had been using marijuana since 1964. The contents of the matchboxes were delivered to the Mississippi State Crime Laboratory and the substance proved to be marijuana.
In the outset, we are confronted with two important questions: (1) Was the evidence of the search of appellant’s coat wrongfully admitted in the testimony in the trial; (2) did the officers have probable cause to arrest the appellant and later obtain a confession from him?
We have reached the conclusion that the officers did not violate the appellant’s constitutional rights in examining the coat for two reasons. (1) The Fourth Amendment to the Constitution of the United States and Section 23 of the Constitution of the State of Mississippi both guarantee only that citizens shall be secure from unreasonable searches and seizures.
In Leflore v. State, 197 Miss. 337, 22 So.2d 368 (1945), we pointed out that to follow a bloody trail from the body of the victim to the scene of the homicide was not such an unreasonable search as was contemplated by Section 23 of the Mississippi Constitution.
The search to obtain identification was not an unreasonable search. The officers were not trying to discover evidence for the purpose of prosecution. They were trying to aid and help the appellant. We do not believe there was an unreasonable search in examining the coat belonging to the appellant.
(2) There is another impelling reason to hold that the search was lawful. The appellant told them to find his coat. He authorized them to look at his coat to determine whether or not a coat found belonged to him. He certainly knew what he had in his coat.
Did the officers have probable cause to arrest the accused ?
In the case of Canning v. State, 226 So.2d 747 (Miss.1969), in answer to the question *632 when an officer had the right to arrest a person, we said:
“ * * * It is expressed by our legislature in the language set out in Section 2470, Mississippi Code 1942 Annotated (Supp.1968), as follows:
“ ‘An officer or private person may arrest any person without warrant, for an indictable offense committed * * in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; * *
“It has been said that: ‘Where an officer, in good faith, believes that a person i§ guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he had such probable cause for his belief as will justify him in arresting without a warrant.’ 6 C.J.S. Arrest § 6, p. 596 (1937).” (226 So.2d at 753)
The testimony in this case is materially different from the testimony in Fuller v. State, 230 So.2d 213 (Miss.1970), and Canning v. State, supra. This Court has not had a case on a narcotics arrest similar to the case now before the Court, but other states have had cases in which the officers recognized the contraband to be narcotics and made an arrest on probable cause.
In the case of Martinez v. People, 451 P.2d 293 (Colo.1969), where the officers recognized the marijuana, an arrest was made on probable cause. In the case of Vauss v. United States, 125 U.S.App.D.C. 228, 370 F.2d 250 (1966), officers found a person unconscious on a public street and, in an effort to identify the person, they searched him and found narcotics on his person. The officers recognized the substance as a “deck of dope.” The United States Court of Appeals, District of Columbia, held that the search was not illegal and the arrest was made on probable cause.
In Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), the Supreme Court held that probable cause for an arrest exists if the facts and circumstances known to the officers warrant a prudent man in believing that an offense has been committed. See also: United States v. Brookins, 423 F.2d 463, March 6, 1970, U.S. Court of Appeals, Fifth Circuit.
In the instant case the officers saw that the defendant had “glassy” eyes and they could not smell liquor on him. They found a substance in his coat that looked to be “dope.” They described it. We are of the opinion that a reasonably prudent person would have concluded that the leaf-like substance was marijuana. The unlawful possession of marijuana in this state is a felony. See: Davis v. State, 219 So.2d 678 (Miss.1969). The officers could conclude, as reasonably prudent men, that a felony (possession of marijuana) was being committed by the owner of the coat. Since they did not know that the coat belonged to the appellant they had the duty to question the appellant about the coat, and they were permitted to do so under the “on-the-scene interrogation” exception to the Miranda rule (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 [1966]).
When the appellant admitted that the coat was his, and after examining the contents of the coat pockets, he admitted the articles in the coat were “all there,” the officers had probable cause to arrest him for the possession of marijuana.
We find no error in admitting the confession of the appellant into evidence since the record shows a proper Miranda warning and a voluntary confession.
We do find one error, however, in the trial of this case which we feel should be mentioned, although it was not assigned as error and only mentioned in the briefs.
Officer Richard Dunn was introduced as a witness for the State, and after testifying at length as to the arrest, he was questioned about a search of appellant’s home made the following day after his arrest. He was asked “What, if anything, *633 was obtained from his home”? Although the appellant had previously objected, and his objection had been overruled, the court finally sustained an objection until a search warrant was introduced. Of course, this was an effort on the part of the prosecution to show other violations of law and which were not pertinent to the crime for which he was being tried. This sort of tactics on the part of the State cannot be condoned. Prosecution in the name of the State of Mississippi must be fair and officers of this State must not resort to trickery in order to obtain convictions. We will not reverse this case for the foregoing error because the evidence overwhelmingly shows the guilt of the appellant and his conviction should be affirmed. However, trial judges should be careful to see that a defendant is not tried for two crimes at once.
The judgment and conviction of the trial court will be affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.