ROBERTSON, Justice:
The appellant, J. R. Ferguson, was indicted in the Circuit Court of Pontotoc County for willfully and unlawfully committing an assault and battery upon B. L. Dillard “by striking the said B. L. Dillard with his fists and a soft drink bottle”.
The jury found him guilty, and the court sentenced him to a term of six months in the county jail and to pay a fine of $500.-00. The court did, however, suspend “the last half of the jail term and the last half of the fine * * * pending the defendant’s good behavior.”
The appellant appeals from his conviction and sentence.
About 5:30 A.M. on August 28, 1968, B. L. Dillard, a Pontotoc policeman, was parked across Highway 6 from Tackett’s Grocery. Appellant, J. R. Ferguson, his brother, B. C. Ferguson, and a young Negro, Eddie Beane, Jr., came out of the grocery store and got in their car. Appellant was the driver and B. C. Ferguson sat on the front seat with him; Eddie Beane, Jr. was on the back seat. Appellant drove east on Highway 6 and Policeman Dillard began to follow them in his patrol car.
After trailing them for about two miles, Dillard turned on his flashing light on top of the patrol car. Appellant immediately pulled over and stopped; the patrol car pulled up behind him and stopped. Appellant walked to the rear of his car, and Dillard walked to the front of the patrol car. Dillard asked to see appellant’s driver’s license. While appellant was looking through his wallet for his license, his brother, B. C. Ferguson, got out of the car and walked back to where Dillard and appellant were standing. Dillard and B. C. Ferguson exchanged some words, and Dillard unsnapped the leather strap on his pistol holster.
Appellant then said: “You go around putting your hands on people that are scared of you, afraid of you * * * Why don’t you put them on me?” Whereupon, Dillard hit appellant with his right fist just below the left eye, knocking him toward the front of his car. Appellant testified that the blow “knocked me crazy”, and that he didn’t remember anything that happened after that until his brother, B. C. Ferguson, pulled him off of Dillard.
Dillard testified that he hit the appellant one time when the appellant called him a G-d, sorry, no-good SOB. Appellant denied calling Dillard anything before he was struck. Dillard, at the time was in uniform and armed with a pistol and blackjack; appellant was unarmed. Dillard was 37 years old, 6 feet 3 inches tall, and weighed 215 pounds; appellant also was 37 years old, was 5 feet 6 inches tall, and weighed 160 pounds. In the fight, appellant succeeded in knocking Dillard down, taking his blackjack away from him, and was on top of him beating him when his brother, B. C., pulled him off.
Appellant returned Dillard’s cap to him but refused to turn over his blackjack and pistol. He delivered these to the City Hall.
No witness testified that Dillard was hit with a soft drink bottle. Dillard testified the he had a swollen wrist and finger and about a 3-inch cut in the top of his head, that he was swollen in the mastoid area and around his temple. He was hospitalized for seven days.
Appellant contends that the granting of the following instructions to the state constituted reversible error:
1.
“The Court instructs the jury that a person cannot intentionally provoke an *450 other person to attack him and then claim he reacted to the attack in self-defense.”
2.
“The Court instructs the jury that if you believe beyond a reasonable doubt from the evidence in this cause that the slapping or striking of the Defendant by Bobby Dillard was provoked by the Defendant calling Officer Dillard * * * [a G-d no good SOB] was sufficient excuse or justification for the striking or slapping of the Defendant by Officer Dillard and if the jury believe beyond a reasonable doubt that the calling of Officer Dillard * * * [a G-d no good SOB] by the Defendant was a sufficient excuse or justification for striking or slapping the Defendant, then the Court instructs the jury that Officer Dillard was not the aggressor when he struck the Defendant.”
3.
“The Court further instructs the jury that if you believe beyond a reasonable doubt from the evidence in this case that the Defendant, at a time when he was not in any danger, real or apparent, at the hands if (sic.) B. L. Dillard, provoked a difficulty with B. L. Dillard by calling him * * * [A G-d no good SOB] and engaged in such difficulty in which B. L. Dillard was beaten about the head and body, then the Defendant cannot plead self-defense.”
Even if these opprobrious words were used that was no legal reason for Dillard to strike the appellant, and the granting of these instructions, which restricted or cut off the right of the appellant to plead self-defense, constituted fatal error.
This Court has held many times that the cases are rare indeed in which the plea of self-defense cannot be asserted. See Tate v. State, 192 So.2d 923 (Miss.1966) ; Herrington v. State, 177 Miss. 837, 172 So. 129 (1937). This is not one of those rare cases. The right of the appellant to plead or assert self-defense should not have been abridged, restricted or prohibited in any way.
The only question that would carry this case to the jury was whether excessive force was used by the appellant in repelling the attack on him. That is a question to be decided by the jury.
We reverse and remand this case for a new trial.
Reversed and remanded.
GILLESPIE, P. J., and PATTERSON, INZER and SMITH, JJ., concur.