257 So.2d 857 (1972)
Jack B. DOZIER
v.
STATE of Mississippi.
No. 46628.
Supreme Court of Mississippi.
February 7, 1972.
*858 John L. Jeffries, Jon A. Swartzfager, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Jack B. Dozier, Gary Sumrall and another, were indicted for the felonious sale and delivery of marijuana to a person under twenty-one years of age. Dozier and Sumrall were tried separately in the Circuit Court of Jones County. Both were convicted. On appeal the conviction of Gary Sumrall was reversed by this Court and the case remanded for a new trial. See Sumrall v. State, 257 So.2d 853, decided January 24, 1971. Upon his conviction, Dozier was sentenced to serve a term of three years in the penitentiary. He appeals.
A summary of the case against Dozier as reflected by the record is as follows:
On the evening of March 2, 1971, one Mozingo, a student at Jones County Junior College, returned to his apartment which he occupied with two other junior college students. He found it occupied by his roommates and the above named Gary Sumrall. Mozingo, Sumrall and one of the roommates decided to obtain some marijuana. For that purpose they drove to a neighboring drive-in, where they recognized the white Ford Econoline van belonging to Jack Dozier. They succeeded in stopping it and got aboard. The van itself was furnished with chairs, sofa and curtains. Dozier was driving. The van already was occupied by three other persons who "looked like they were high from taking something." After cruising around, Dozier stopped at a house, got out, went in and shortly returned, handing a package of marijuana to Sumrall who handed it to Mozingo. Mozingo then passed to Dozier a $20 bill, from which he later obtained $5 in change. After having been driven back to their parked car, Mozingo, Sumrall and Mozingo's roommate who had accompanied them, returned to the apartment where the marijuana obtained from Dozier was placed in a light fixture. The next day Sumrall returned to the apartment, some of the marijuana was smoked and the remainder stored in a fuse box in a closet. The day following, the apartment was searched by Laurel police who discovered the marijuana which had been hidden in the fuse box.
Mozingo, and the roommate who was present with him at the time of the transaction with Dozier, both testified for the prosecution. Dozier testified as a witness in his own behalf. He denied having made the sale but admitted having used marijuana and classified himself as a "hippie." He stated that, on the evening of the alleged transaction, he had given a ride in his van to several people and admitted that Mozingo, Sumrall and Mozingo's roommate had also been given a ride in the van. His version of what occurred was that these three young men had asked him "did he want to turn on with some good stuff?" He said that the group then drove around and "turned on." He said he did not know to whom the marijuana belonged and denied that he had received any money from Sumrall, Mozingo, or Mozingo's roommate.
A number of grounds are assigned for reversal.
*859 Appellant first argues that his right to cross-examine fully the witnesses against him was prejudicially curtailed.
We have carefully examined the record of each of the instances of which appellant complains and have concluded that appellant was afforded reasonable opportunity to cross-examine witnesses for the prosecution. The complaint that the trial court declined to permit cross-examination of the witness Mozingo as to any promises made to him by the State as a reward for testifying against the appellant is not supported by the record. The record shows that appellant's counsel were permitted to ask this witness at least three times whether he had been promised anything to testify and in each case the witness's answer was that he had not. Even so, it appears that the prosecution's objection to further pursuit of this subject was overruled. Appellant was permitted to establish that the witness had pled guilty to possession of marijuana but the court sustained an objection to a question as to what the witness's sentence had been. The scope of cross-examination, although ordinarily broad, is within the sound judicial discretion of the trial court and such court possesses an inherent power to limit such examination to relevant factual issues. Winter v. Nash, 245 Miss. 246, 147 So.2d 507 (1962). It was not necessary that the trial court permit the witness to be cross-examined as to the extent of his use of marijuana. He was permitted to show that the witness had used marijuana and, of course, it was established as a part of the case against Dozier that the witnesses had bought marijuana upon the occasion in question and later had used it.
Appellant argues that the evidence does not establish a "complete chain" capable of supporting a factual finding that the marijuana seized by the officers from the fuse box was the same marijuana purchased from Dozier. This contention is not well taken and there can be no doubt that there is ample evidence in the record to support the finding by the jury that it was the very marijuana bought from Dozier by Mozingo. The evidence on this point was sufficient and it was not error to permit the introduction into evidence of the marijuana seized by the police.
Appellant contends upon another ground that it was error to admit the physical evidence, that is, the marijuana, without showing that the police officers had a valid warrant to search the apartment where it was found. Appellant cites in support of this contention Canning v. State, 226 So.2d 747 (Miss. 1969), Clay v. State, 184 So.2d 403 (Miss. 1966) and Fuller v. State, 230 So.2d 213 (Miss. 1970). None of the cases cited has any application to the circumstances here. The apartment searched was rented and occupied by Mozingo and his two fellow junior college roommates. Dozier had no link whatever with it. He had never visited the apartment, he was not acquainted with its occupants until the transaction involving the sale and it does not appear from the record that he even knew where the apartment was located. There is no tenable theory under which Dozier had standing to object to the search of the apartment and the trial court properly overruled Dozier's objection, based upon the absence of a search warrant, to the introduction into evidence of the marijuana discovered in the apartment.
Two of the last four assignments of error deal with jury instructions. The first instruction complained of informed the jury that each side had the right to obtain compulsory process for the procurement of witnesses. Obviously, while it embodies a correct statement, this was not a matter with which the jury was required to concern itself and it would have been better if the instruction had not been given. We are unable to say, however, that the rights of the appellant were prejudiced thereby. The other instruction criticized is as follows:
The Court instructs the Jury for the State of Mississippi that if you believe *860 from the evidence in this case beyond a reasonable doubt that the Defendant, Jack Dozier, on or about the 2nd day of March, 1971, in the Second Judicial District of Jones County, Mississippi, did wilfully, unlawfully, and feloniously sell and deliver to Randy Clarence Mozingo, a person under twenty-one years of age, narcotic drugs, to-wit: a quantity of Cannabis, commonly known as marijuana, contrary to and in violation of The Uniform Narcotic Drug Act of 1962, Sections 6864, 6844-6866, Mississippi Code of 1942, Annotated, As amended, it will be your sworn duty to find the Defendant, Jack Dozier, guilty as charged.
We think that reference to the statutes involved should not have been made a part of the instruction. However, the inclusion of this reference can only be regarded as surplusage, incapable of having misled the jury as to the acts, plainly set out, which constituted the crime charged. If this was error, it was harmless.
Complaint is also made that the district attorney was permitted to use a photograph of Dozier in questioning witnesses for the purpose of identifying him as the person who sold marijuana, the contention being that the purpose of the photograph, which showed Dozier with a mustache and long hair rather than as he appeared at the trial, was for purposes of prejudice only. We are unable to say on the record that this was actually the case. It appears that Dozier did, in fact, have long hair and a mustache at the time of the transaction with Mozingo.
Appellant next criticizes the conduct of the district attorney. It is urged that the district attorney used intemperate language which reflected upon the integrity of counsel for appellant. Of course, the district attorney, as an officer of the court, and as representative of the State, should never permit his zeal in the prosecution of a criminal case to cause him to forget that he must exercise the utmost self-restraint and conduct himself with propriety, fairness and dignity. In this case, we have examined the record of each instance cited by appellant. From this examination it is apparent that counsel did have some cause for complaint. This is regrettable and is by no means approved by this Court. However, in the context of the whole record, we are unable to say that any or all of these things were of such a character or of such substance as to have been capable of prejudicing the right of appellant to a fair trial.
Finally, on motion of appellant's counsel requesting the names of witnesses to be used by the prosecution, they were informed that the names of such witnesses appeared on the subpoena docket. At the trial, however, an officer whose name was not so listed, was called by the prosecution and offered for the single purpose of testifying as to venue. His testimony was specifically limited by the court to a statement of venue. He gave no testimony touching the guilt or innocence of Dozier nor did he testify upon any other aspect of the case. He was not cross-examined and there was no issue as to venue. No request was made for time to procure witnesses to contradict him nor was there any effort to show that there were witnesses who would have been present to contradict if this witness's name had appeared with the others on the docket. No error was committed by the trial court in this regard under the circumstances. See Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965).
The verdict of the jury was not against the overwhelming weight of the evidence and, on the contrary, was supported by the evidence. Conflicts in the evidence were for resolution by the jury. We find no substance to the other matters complained of and the conviction and sentence, therefore, must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.