406 So.2d 824 (1981)
Billy Ray BOYD
v.
STATE of Mississippi.
No. 52907.
Supreme Court of Mississippi.
December 9, 1981.
*825 J. Kennedy Turner, Philadelphia, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and WALKER and BOWLING, JJ.
WALKER, Justice, for the Court.
This is an appeal from the Circuit Court of Neshoba County wherein Billy Ray Boyd was convicted of aggravated assault upon Constable Bennie Lee Adkins and sentenced to serve a term of twenty-five years in the custody of the Department of Corrections. He appeals from this conviction contending the constable was unlawfully arresting his brother-in-law and he was privileged to aid in the resistance of that arrest.
As the state's only witness, Constable Adkins testified he was attacked by the appellant as he attempted to arrest Charles McBeath for a misdemeanor at McBeath's home in the Beashia Community of Neshoba County.
The witnesses for appellant Boyd testified that Constable Adkins told McBeath to come with him, that he had a warrant for his arrest, but that Adkins never showed McBeath the warrant nor informed him of the reason for the arrest. The warrant does not appear in the record. McBeath testified he told Adkins that he would go with him after he used the bathroom, but that Adkins struck him with a blackjack which knocked him to the ground. Appellant, Boyd, testified he was carrying his baby daughter in his arms and attempted to aid McBeath when Adkins also struck him with the blackjack. Appellant testified he sat his daughter on the car, and used his pocket knife in an attempt to defend himself from the constable who continued to swing the blackjack.
Constable Adkins testified McBeath was swinging at him from one direction and that appellant Boyd came at him with a knife from the other direction. Adkins testified the pocket knife had a blade six to seven inches long. In the affray Constable Adkins' forearm was cut requiring eight days hospitalization.
Appellant contends the arrest was unlawful because the testimony was undisputed that Constable Adkins did not show a warrant to McBeath nor inform McBeath the reason for the arrest. The fact that the constable did not have possession of the warrant or show it to the accused would not necessarily invalidate the arrest. The requirements set forth in Mississippi Code Annotated section 99-3-7 (1972) provide, in pertinent part:
Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels *826 that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and cause therefor. If the person arrested so requests, the warrant shall be shown to him as soon as practicable.
In Torrence v. State, 283 So.2d 595 (Miss. 1973), this Court held that the officer who knew of an outstanding warrant had probable cause to arrest defendant on a misdemeanor charge not committed in his presence even though he did not have the warrant in his possession and the defendant was not entitled to resist the arrest.
Neither did the failure of Adkins to inform McBeath of the object or cause of the arrest necessarily make the arrest unlawful. However, the failure to inform a defendant of the reason for his arrest has been held to place upon the state the burden of proving probable cause for the arrest. Clay v. State, 184 So.2d 403 (Miss. 1966); Upshaw v. State, 350 So.2d 1358 (Miss. 1977).
In the Clay case, defendant was convicted of operating a confidence game and appealed his conviction contending he was illegally arrested. There was no testimony that the accused was informed by the arresting officer of the object and cause of his arrest. The Court held:
The defendant testified that he was not so advised, so the defendant by his testimony made out a prima facie case of illegal detention and arrest.
The burden of proof then shifted to the State to prove that there was probable cause for the issuance of a warrant or reasonable cause for the making of the charge. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The arresting officer or officers did not testify so there is no testimony whatsoever in the record to refute the prima facie case of illegal detention and arrest made out by defendant. (184 So.2d at 406).
In the present case it is undisputed that Constable Adkins neither had possession of the warrant nor informed McBeath of the reason for his arrest. Nowhere in the record did the prosecution present any evidence to show that there was probable cause for arresting McBeath, and neither the affidavit nor the arrest warrant appears in the record. Therefore, so far as this record reveals, the arrest was unlawful.
Appellant finally contends that because the arrest was unlawful, the trial court erred in refusing to grant certain jury instructions dealing with self defense. These instructions were properly refused by the trial judge with the exception of D-19, which provided as follows:
The Court instructs the Jury that a person has a right to use reasonable force to resist an unlaw[ful] arrest, or to aid another in resisting an unlawful arrest.
If you should find therefore, that Billy Ray Boyd did injure Bennie Lee Adkins [with a knife], but that this was done either in resisting an unlawful arrest or in aiding another to resist an unlawful arrest, and that the force he used was necessary under the circumstances, then you should find the defendant not guilty.
It is fundamental that a person has a right to use reasonable force to resist an unlawful arrest. 6 Am.Jur.2d Assault and Battery § 79, p. 71-72 (2nd ed. 1963) states:
The act of an officer committed on the occasion of his attempt to make an arrest, or the act of a person about to be arrested by the officer, although otherwise amounting to an assault or battery, may be justified by the right of self-defense. The courts generally hold that the right to resist an unlawful arrest is a phase of the right of self-defense. Since an officer is a trespasser if he attempts to make an arrest without a warrant where he is not authorized to do so, if a person resisting such arrest is accused of assault and battery by so doing, he should be acquitted, if he did not use excessive force in defending himself or his property. However, not every kind of resistance to an unlawful arrest by an officer qualifies as self-defense justifying an assault or battery against the officer. If an attempted arrest is unlawful, the party sought to be arrested may use such reasonable force as *827 is necessary to effect his escape, but no more; he cannot do this by using or offering to use a deadly weapon, if he has no reason to apprehend a greater injury than a mere unlawful arrest. The person sought to be arrested is justified in taking the life of the arresting officer only when he has reasonable ground to apprehend that he is in imminent danger of death or great bodily injury, and is not justified in killing merely for the purpose of resisting an unlawful arrest or other restraint upon his liberty, where the only injury which could be reasonably apprehended is an unlawful detention for a short time or other injury short of death or great bodily harm.
6A C.J.S. Assault and Battery § 92, p. 481 (1975) states in pertinent part:
In view of the rule that no crime is committed by lawfully resisting the commission of a crime upon one's person, one who is arrested may, in self-defense, use as much force as is necessary to repel undue violence on the part of the officer, and except as otherwise provided by statute, he may employ force to prevent the arrest if the same is illegal. Thus one wrongfully arrested and held without a warrant may resist, and use all the force which is necessary to free himself, on the facts as they reasonably appear to him; ...
See also Wilkinson v. State, 143 Miss. 324, 108 So. 711 (1926); Smith v. State, 208 So.2d 746 (Miss. 1968); Ferguson v. State, 242 So.2d 448 (Miss. 1970).
Courts have generally held that a third party may interfere in the resistance of an unlawful arrest. This privilege is, however, strictly dependent upon the rights of the party sought to be arrested. E. Fisher, Laws of Arrests 374-375 (1967); W. LaFave & A. Scott, Handbook on Criminal Law § 54 (1972); 6A C.J.S. Assault and Battery § 93, p. 484-485 (1975) provides as follows:
It is generally held, under the view that one who goes to the aid of a relative or third person acts at his own peril, that the right to interfere in aid of another is limited to an interference in aid of a lawful resistance by the person threatened, and the right of a person to defend another does not ordinarily exceed such person's right to defend himself, except, perhaps, in the case of defense of children... .
One may use, in defense of a third person, so much force as reasonably appears to be necessary, although, in fact, none is necessary, and he is not required to nicely gauge the proper quantum of force; nor is it necessary that the danger be actual if accused had reason to believe, and did believe, that it was actual and imminent.
See also Rogers v. Huber, 239 So.2d 333 (Miss. 1970) where this Court held in a civil suit that an assistant coach could come to the aid of the head coach in an altercation where he did not use unreasonable force even though the head coach was not in immediate danger of great bodily harm.
We conclude, therefore, that McBeath had a right to reasonably resist the unlawful arrest and that appellant could aid him in resisting that arrest by force not to exceed McBeath's privilege to defend himself.
The remaining assignments of error are without merit.
We find for the above reasons and from a review of the entire record that the arrest was unlawful and that jury instruction D-19 was improperly refused by the trial judge.
Therefore, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.