A. C. INGRAM *v.* THE STATE.

1. MURDER. *Presumption arising from killing. How rebutted. Instruction.*

    In the trial of an indictment for murder, it is error for the court to instruct the jury that in order to rebut the presumption of malice arising from proof of the killing, it is incumbent on the defendant to show circumstances of alleviation, excuse, or justification to the "*satisfaction*" of the jury, unless the same appear by the evidence for the State. *Hawthorne* v. *The State*, 58 Miss. 778, cited; *Harris* v. *The State*, 47 Miss. 318, disregarded.

2. HOMICIDE.　*Self-defense.　Actual danger.　Instruction.*

It is error for the court to instruct the jury, in a trial for homicide, that to justify the killing as in self-defense the accused must have been in "*actual*" danger from the deceased.

3. CRIMINAL PRACTICE.　*Fault of giving too many instructions.　Remedy suggested.*

. The frequent commission of error in instructions in criminal cases suggests the opinion that it would promote the just administration of the law and advance the interests of the State if it were the practice in the circuit courts to give fewer instructions. In many cases it would be wise to give no instructions at all for the State, and in none is it prudent to give many. By the adoption of such a course, convictions would be as numerous as before and reversals would be rare.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

Calvin Ingram was indicted for the murder of Jack Ingram. The killing was not denied by the accused. It was witnessed by the wife and little son of deceased and the wife of the accused. The first two named testified for the State and the latter for the defendant, who also testified. The evidence as to the circumstances attending the killing was broadly conflicting.

For the State the court gave, among others, the following instructions :

"3. Every killing is presumed to be malicious and amounting to murder until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent upon the defendant to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him."

"6. A bare fear that a man's life is in danger from the violence of another, however well founded and whatever may be the character of the man feared, unaccompanied by any overt act indicating an intention immediately to kill such party or do him some great personal injury, will not warrant him in killing that other by way of prevention if there is no actual danger at the time of the killing. A party through mere fear of his life, there being no apparent danger, is not justifiable in killing another."

To the giving of these instructions the defendant excepted. He was convicted and appealed to this court.

*Grace & Woods,* for the appellant, filed a lengthy brief discussing the evidence and the instructions asked by the defendant and refused by the court, and referring to the instructions given for the State as follows :

" We think also that the seventeenth instruction propounded the law correctly, and that it should have been given. *Smith* v. *The State,* 58 Miss. 867 ; *Hawthorne* v. *The State,* 58 Miss. 778. Especially ought it to have been given in view of the second and third instructions given for the State. By the way, we desire to call the special attention of the court to these two instructions for the State. They are certainly in conflict with the law as laid down by this court in *Hawthorne's Case,* 58 Miss. 778.

*J. L. Harris,* for the State.

1. The second and third instructions for the State are drawn from *Hawthorne* v. *The State,* 58 Miss. 778.

2. The sixth instruction for the State charges substantially that there must be real or apparent danger to warrant the taking of human life. This is evident from a consideration of the first instruction for the defendant.

Campbell, C. J., delivered the opinion of the court.

The third instruction for the State is subject to one of the grounds of objection for which the fifth instruction for the State in *Hawthorne* v. *The State,* 58 Miss. 778, was condemned, *i. e.,* it makes it incumbent *on the defendant* to produce in evidence circumstances of alleviation, excuse, or justification *to the satisfaction of the jury.* An instruction very much like this was approved in *Harris* v. *The State,* 47 Miss. 318, but we, nevertheless, disapprove it.

The sixth instruction for the State told the jury that the defendant must have been in *actual* danger at the time of the killing to justify him in shooting for his own defense. It is true that another and distinct clause of the instruction qualifies the foregoing by embracing the proposition of the sufficiency of apparent danger at the time to justify action in defense, but it is by no means clear that

the instruction as a whole was properly understood, and that it did not do harm.

The conflicting evidence as to the circumstances of the killing made it especially important that no error should be committed in instructing the jury.

It is matter of much regret that we feel compelled so often to reverse the judgments in criminal cases, because of serious errors which could easily be avoided. When we see that the jury has been misdirected, and may have been misled thereby, our duty is to grant a new trial. If fewer instructions were given and greater care was observed in framing them, it would be most favorable to the interest of the State in the administration of the criminal laws. In many cases it would be wise to give no instructions at all for the State, and in none is it prudent to give many. By this course convictions would be just as numerous and reversals would be rare.

*Judgment reversed.*