## BERK BURKS *v.* STATE.

### [57 South. 367.]

HOMICIDE. *Previous difficulty. Threats. Exclusion of evidence.*

In a prosecution for homicide where there was a conflict as to how the difficulty began it was error to exclude testimony offered by defendant to show the details of a difficulty between deceased and defendant shortly before the killing and the threats made by the deceased at that time and shortly afterwards against defendant.

APPEAL from the circuit court of Jasper county.
HON. W. H. HUGHES, Judge.
Berk Burks was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*J. L. Thompson, A. J. Browning* and *Deavours & Shands,* for appellant.

The substance of the rejected testimony so far as this assignment of error is applicable, is that on the morning of the day of the killing, the deceased had drawn a double-barrel shotgun on appellant, and had taken a dime from appellant; and later, in the evening, threatened to kill appellant if he found him. We contend that this testimony was competent.

Remembering that one of the questions involved in the case is whether the deceased made any attempt to attack appellant at the time of the shooting and that the testimony is in conflict as to this matter, we are at a loss to understand on what theory this testimony was held to be incompetent.

That it was competent and ought to have been admitted is, we believe, abundantly supported by the decisions of this court, as well as by the decisions of the courts of other states. In the *Spivey case,* 58 Miss. 959, it appeared that in the forenoon of the day of the killing the deceased had written the defendant a note; that at one o'clock on the day of the killing, the parties had a quarrel and angry words passed between them. Touching this testimony, the court in that case says:

"The note sent by Baily (the deceased) to the accused in the forenoon of the day of the killing had such relation to the subsequent conduct of Baily with respect to the accused as to make it proper evidence. It serves to show the state of Bailey's feelings, and to explain the inquiry which he addressed to the accused near one o'clock that day about not meeting him.

The accused was entitled to exhibit Baily before the jury just as he confronted him when he shot him.

His defense was that he killed Baily because of a reasonable apprehension, excited by the hostile demonstrations of Baily and honestly entertained by the accused, that he was at the time in imminent peril of some great bodily harm then about to be done him by Bailey, to avert which he shot him. The jury was to determine as to the reasonableness as to the apprehension of the accused, situated and circumstanced as he was at the time, knowing what he knew of Baily, and his feelings and disposition toward him, and seeing what he saw at the time in the action of Baily, and interpreting it by the aid of his knowledge of his disposition toward him." *Guice case,* 60 Miss. 714; *Holly case,* 55 Miss. 424.

*Shrader's case,* 84 Miss. 593; Wharton on Criminal Evidence, secs. 23 and 24; 83 Miss. 645, 85 Miss. 511; 88 Miss 166.

*Jack Thompson,* assistant attorney-general, for appellee.

It is my view that in dealing with the supreme court, the attorney-general's office should be perfectly frank with the court, and in this case, after a careful and painstaking study of the entire record, I have come to the conclusion that the defendant was deprived of a fair and impartial trial by the learned circuit judge.

There is only one assignment of error upon which I base my decision, and that in the refusal of the lower court to allow the defendant to introduce testimony with reference to separate previous difficulties between the appellant and deceased, all of which occurred within a period of three hours before the tragedy, and grew out of a common cause, and in all of which the deceased was the aggressor. There is a sharp conflict in the evidence as to who was the aggressor at the final culmination of this difficulty, and under these circumstances, it seems to me that under the previous rulings of this court that this testimony was clearly admissible.

In this connection, I cite the court to the cases of *Spivey* v. *State,* 58 Miss. 959; *Guise* v. *State,* 60 Miss. 714. In the latter case, the court stated in part:

"It is settled law in this state, that proof such as was here offered is always admissible in evidence, where anything that can fairly be construed as an overt act towards the immediate commission of a dangerous assault can be shown to have been done by the person slain, and that if there be even a doubt as to whether such act was done, evidence such as was here offered should be received. *Holley's case,* 55 Miss. 424; *Kendrick's case,* 54 Miss. 436; *Spring's case,* 58 Miss. 743."

This proposition of law is clearly and concisely set forth in a specially concurring opinion rendered by

Chief Justice Whitfield in the case of *Brown* v. *State,* 88 Miss. 174, a part of which I cite to the court:

"That where there have been several difficulties between the same parties, growing out of a cause common to them all, so that all the difficulties form one connected and continuous line of hostile conduct on the part of the deceased towards the slayer, such hostility being manifested in every difficulty by the deceased's having been the aggressor in all such cases, the previous difficulties should be admitted, and their details should be admitted, so far as such details are necessary to explain the motive of the deceased manifested by such continuous line of hostility on the part of the deceased toward the appellant, resulting in the series of difficulties due to the same cause and the fact that in all he was the aggressor, provided, always, that the evidence shall show some overt act on the part of the deceased at the time of the killing against the appellant. The thought and the philosophy of the thing is, that in all cases of that character, each difficulty resulting from the same cause has been inspired by the same motive, shows the deceased to be always the aggressor, and thus presents a continuous system or series of difficulties practically amounting to a continuous assailing of the appellant by the deceased whenever they meet, due to the same motive throughout."

In view of the conflict of the testimony in this case as to who was the aggressor in this difficulty, frankness compels me to confess to the court, that in my humble opinion this case should be reversed.

SMITH, J., delivered the opinion of the court.

This appeal is from a conviction of the crime of murder. According to the evidence for the state, appellant met the deceased, asked him for his (appellant's) dime, and, upon deceased declining with an oath to give him his dime, that appellant shot and killed him. The evi-

dence for the appellant tended to show that, when appellant asked deceased for his dime, deceased refused to give it to him, with an oath started toward appellant in a threatening manner, put his hand to his hip pocket as if to draw a weapon, and that thereupon appellant shot and killed him. Appellant offered to prove that earlier in the day deceased, with a shotgun, had forced appellant to give him a dime, which appellant had and which deceased claimed, and that when the gun was taken away from him deceased obtained another gun and came back, threatening to kill appellant, who fled upon learning of his approach; that when he failed to find appellant he threatened to kill other parties if they did not tell him where appellant was, and said, if he saw appellant and Albert Porter "between this and sundown, one or the other of them had to die." This evidence was by the court, over the objection of appellant, excluded. This was fatal error. *Brown* v. *State,* 88 Miss. 166, 40 South. 737, and authorities there cited.

*Reversed and remanded.*