416 So.2d 691 (1982)
Eddie Gene BRIGGINS
v.
STATE of Mississippi.
No. 53147.
Supreme Court of Mississippi.
July 14, 1982.
Willie L. Rose, Lexington, Mel Davis, Leonard McClellan, Oxford, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and WALKER and DAN M. LEE, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Circuit Court of Lafayette County wherein the appellant, Eddie Gene Briggins, was convicted of manslaughter and sentenced to serve a term of eighteen years in the custody of the Mississippi Department of Corrections.
On August 31, 1980, appellant and his wife drove to the Eastview Apartments in Oxford, Mississippi. When a friend informed appellant that the taillights on his car were not working, he asked his wife to go upstairs and borrow some tinfoil to wrap the fuse. Appellant's two sisters-in-law lived in the apartments.
Appellant testified that after his wife went upstairs, he heard the deceased, Edward Junior Houston, the boyfriend of appellant's sister-in-law, cursing at his wife. Appellant told the decedent not to speak to his wife that way, and the decedent then came downstairs and began arguing with appellant. Shortly thereafter appellant and Houston both left in their automobiles. *692 The appellant drove to his house, put his loaded shotgun on the backseat and returned to the apartments to wait for Houston to return.
Appellant testified that when the decedent arrived, he told Houston that he wanted to talk to him and at that time decedent got something from his car. Appellant testified he could not determine what the decedent removed from the car but that he then fired one shot in the air. Houston then yelled at appellant "go ahead and shoot me" and appellant shot and killed him. Photographs taken at the scene showed a hammer lying near the decedent's body. Later that night appellant turned himself in to the Lafayette County sheriff.
Appellant's first assignment of error is that the trial court permitted the introduction of a color photograph of the deceased. This assignment has no merit. The photograph had probative value in that it showed the location of the gunshot wound and therefore should have been admitted. Moreover, in this State the trial judge is granted much discretion to determine the admissibility of photographs, and we find there was no manifest abuse of that discretion.
Appellant's next assignment of error concerns the court's refusal to grant certain instructions dealing with various theories of self-defense.[1] The jury was amply instructed as to the theory of self-defense in Instruction D-10. This instruction clearly stated that if appellant had reasonable grounds to apprehend that he was in imminent danger of serious bodily harm at the hands of the decedent, the self-defense doctrine would apply. Instructions D-4, S-2 and S-4 all stated that the prosecution must disprove the claim of self-defense beyond a reasonable doubt when that issue has been sufficiently raised. Pierce v. State, 289 So.2d 901 (Miss. 1974). When read together we find the jury was properly instructed on the doctrine of self-defense.
Appellant's final assignment of error is that the trial court erred in not instructing the jury to consider prior threats made by the decedent against the appellant. Appellant requested the following instructions:[2]
The Court instructs you that in reaching your decision as to whether Mr. Briggins had reasonable cause to believe the decedent was about to attempt to inflict great bodily harm upon him at the time of the shooting, you are to consider the previous arguments that occurred earlier that date between the parties, as well as, all threats that the decedent may have made, if any, toward Mr. Briggins. (Emphasis added).
In reaching your decision as to whether Mr. Briggins had reasonable cause to believe the decedent was about to attempt to inflict great bodily injuries against him, the Court instructs you to consider all previous arguments, hostility and difficulties between Mr. Briggins and the deceased. (Emphasis added).
These instructions singled out and gave undue prominence to parts of the testimony and as worded would have amounted to a comment on the weight of the evidence contrary to our well established rule. Ceary v. State, 204 Miss. 299, 37 So.2d 316 (1948). Therefore, the trial judge properly refused both instructions.
For the above reasons, the appellant's conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING and DAN M. LEE, JJ., concur.
HAWKINS, J., dissents.
HAWKINS, Justice, dissenting:
I respectfully dissent. In my opinion, reversible error was committed by the circuit judge's refusal to grant certain instructions requested by the defense.
*693 The issue of self defense was submitted to the jury. Although the defendant's claim of self defense was very weak, it was properly submitted to the jury. McMullen v. State, 291 So.2d 537 (Miss. 1974); Ellis v. State, 208 So.2d 49 (Miss. 1968); Tate v. State, 192 So.2d 923 (Miss. 1966); Brown v. State, 186 Miss. 734, 191 So. 818 (1939); Lofton v. State, 79 Miss. 723, 31 So. 420 (1902).
The facts from the defense standpoint are as follows:
Approximately one or two hours prior to the slaying, Briggins and his wife, Annie, went to the apartment complex where Annie's two sisters lived in an upstairs apartment. Houston lived with one of them, Emma Grace.
Briggins remained outside, and heard Houston profanely abusing Emma Grace and Annie. Houston, it later developed, had a butcher knife he was brandishing. Briggins yelled to Houston, warning him not to insult his wife. Houston came downstairs and a vigorous "cuss fight" ensued between the two. Houston returned upstairs, following which Emma Grace came downstairs and warned Briggins not to turn his back on Houston, that he had a knife.
Briggins, unarmed, drove to his home some distance away and got a shotgun. He then returned for his wife.
In the second, and fatal encounter at the apartment complex, Briggins upon returning waited for the return of Houston, who, in the meantime, had also driven away from the apartment complex.
After Houston returned, Briggins testified he saw Houston go to his car, reach under a seat, and Briggins shot his shotgun into the air. Houston dared Briggins to shoot him, and Houston then raised his arms. Briggins thereupon shot and killed him. Briggins stated he thought he was in danger from either a pistol or a sawed-off shotgun.[1]
No pistol or shotgun was found in the possession of Houston following the killing. A hammer was found near his body.
Because a jury question was presented as to whether Briggins acted in lawful self-defense, Briggins was clearly entitled to have the jury specifically instructed that they could consider (1) threats made against Briggins by Houston, if any, and (2) that the danger did not have to be actual, but reasonably apparent.
There were general instructions granted the State and defendant on the law pertaining to self-defense. None of them, however, addressed either of the specific issues of previous threats made on Briggins, or reasonably apparent danger as opposed to actual danger.
Briggins' requested instructions on both these issues were refused by the circuit judge.
When self-defense is a proper issue before the jury, the state of mind of both the decedent and the accused become proper subjects for the jury in determining whether the accused at the time of the slaying had "... reasonable ground to apprehend (from the deceased) a design ... to do some great personal injury," and whether there was, "... imminent danger of such design being accomplished." Miss. Code Ann. § 97-3-15(f) (1972).
As an aid to the jury in making its determination whether the slaying was in lawful self-defense, this Court has consistently held previous difficulties between the parties, as well as threats, should be admitted into evidence before the jury (so long as they are not too remote in time). For the same reason, even though the accused may not have been in actual danger from the deceased when he killed him, movements or conduct on the part of the decedent at the time which caused the accused to be reasonably fearful of either losing his life or suffering *694 serious bodily harm at the hands of the deceased are proper evidence to be considered by the jury.
Cases holding previous difficulties as well as threats are admissible for both the State and the accused are: Wilson v. State, 390 So.2d 575 (Miss. 1980) (threats were competent for a different reason); Murphy v. State, 232 Miss. 424, 99 So.2d 595 (1958); Hardy v. State, 143 Miss. 352, 108 So. 727 (1926); Clark v. State, 123 Miss. 147, 85 So. 188 (1920); Leverett v. State, 112 Miss. 394, 73 So. 273 (1916); Burks v. State, 101 Miss. 87, 57 So. 367 (1911); Echols v. State, 99 Miss. 683, 55 So. 485 (1911); Godwin v. State, 73 Miss. 873 (1896).
Cases of this Court holding that the accused is not required to be in actual danger, but may act upon reasonable appearances of danger of losing his life or suffering great bodily harm from the decedent at the time of the slaying are: Bell v. State, 207 Miss. 518, 42 So.2d 728 (1949); Scott v. State, 203 Miss. 349, 34 So.2d 718 (1948); McNeal v. State, 115 Miss. 678, 76 So. 625 (1917); Johnson v. State, 79 Miss. 42, 30 So. 39 (1901); Godwin v. State, 73 Miss. 873 (1896).
In this case the circuit judge gave wide latitude to the accused, offering him full opportunity to offer into evidence before the jury the previous difficulties and threats, and also all facts which might have shown he acted when he was in "reasonably apparent" danger as opposed to any actual danger. Having done so, however, he enigmatically refused to specifically instruct the jury on either of these issues, although requested to do so.[2]
Regarding the previous difficulties and threats, the circuit judge refused the following instructions requested by the defendant:
INSTRUCTION D-17
The Court instructs you that in reaching your decision as to whether Mr. Briggins had reasonable cause to believe the decedent was about to attempt to inflict great bodily harm upon him at the time of the shooting, you are to consider the previous arguments that occurred earlier that date between the parties, as well as, all threats that the decedent may have made, if any, toward Mr. Briggins.
INSTRUCTION D-25
In reaching your decision as to whether Mr. Briggins had reasonable cause to believe the decedent was about to attempt to inflict great bodily injuries against him, the Court instructs you to consider all previous arguments, hostility and difficulties between Mr. Briggins and the deceased.
While both of these requested instructions are subject to a technical objection, in that the jury is instructed to consider such previous difficulties or threats rather than stating either that it had a right to consider or that they were proper factors to be taken into consideration in determining the issue of self-defense, the circuit judge rejected them outright.
In Leverett v. State, 112 Miss. 394, 73 So. 273 (1916), the trial court refused to grant the defendant the following instructions:
"The court instructs the jury for the defendant that, if you believe from the evidence that on a day prior to the killing defendant found a letter from his wife to the deceased, Bradley, and that the defendant and deceased, Bradley, got into a difficulty on account of same, if you believe *695 when defendant and deceased, Bradley, separated Bradley said to the defendant: `You be God damned sure you are ready the next time we meet; I'll never give you this chance again'  or words to that effect, then you may take this into consideration in determining who was the aggressor in the difficulty at Richton."
Id. at 409-10, 73 So. at 275-76.
In that case we held refusal of this instruction was reversible error.
On the issue of reasonably apparent appearance of danger as opposed to actual danger of losing his life or suffering serious bodily harm at the hands of Houston, the defendant requested the following instructions:
INSTRUCTION D-9
To justify a homicide as self-defense, the danger need not be actual, but only reasonably apparent and imminent so as to raise a reasonable doubt of guilt. Mr. Briggins is not required to prove that he acted in justifiable self-defense.
INSTRUCTION D-11-A
If Mr. Eddie Gene Briggins had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm, he would be justified in using deadly force in self-defense, even though it may afterwards have turned out that the appearances were false. If these requirements are met he could use deadly force even though there was in fact no purpose on the part of the other person to kill him or to do him serious bodily harm, and even though there was no actual necessity that deadly force be used in self-defense.
If there is any doubt in this regard, you must return a verdict of not guilty.
As to D-9 the circuit judge stated in the record he would include it in other instructions, but D-11-A was simply refused.
Again, while these instructions may have been subject to a technical objection of redundancy of certain statements, or containing statements which were not the law, both of them clearly stated that, to justify the slaying as self-defense, it was not necessary that the danger to Briggins be actual, but only reasonably apparent, and that if he acted when he had reasonable grounds to believe and actually believed his life to be in danger or that he was about to suffer serious bodily harm, he had a right to shoot even though he was in no actual danger. To this extent, these instructions were clearly the law, in my view. With slight modification, both could have been made to properly enunciate the law in this case. The circuit judge modified other instructions. He should either have told defense counsel he would give the instructions in modified form, or modified them himself. They both contained sufficient statement of the law to have been given in some form.
In the cases of Godwin v. State, 73 Miss. 873, 19 So. 712 (1896), and Ingram v. State, 62 Miss. 142 (1884), this Court has held the defendant was entitled to such an instruction.[3]
In Godwin the defendant was refused the following instruction:
9. If you believe, from the evidence, that Carter, a short time before the shooting, had threatened violence to the defendant, of which the defendant was informed, and that he struck defendant a blow with his fist and threw his hand behind him as if to draw a pistol, then defendant had a perfect right to interpret this act of Carter's in the light of such threats; and, if you believe, under these circumstances, that defendant reasonably believed his life in peril, then he was perfectly justifiable in shooting Carter, even though you may believe Carter was wholly unarmed, and the defendant was in no real danger at his hands.
Id. 73 Miss. at 876, 19 So. at 713.
Upon appeal, this Court held the defendant was entitled to this instruction, and the *696 trial court's refusal to grant it was one of the grounds for reversing the case.
On the issue of reasonable appearance of danger as opposed to actual danger, I do not believe any other given instructions adequately cover this point, as suggested in the opinion.
On the issue of instructing the jury on previous threats and difficulties I disagree with the majority opinion that specifically instructing the jury on such difficulties or threats amounts to a comment on the evidence. If this Court is going to hold the circuit judge properly refused them simply because they were not precisely proper as requested  in other words that he was under no duty to either modify them himself or tell defense counsel he would give them if modified  the opinion should so state.
In my view the opinion does not adequately address two assignments of error properly urged on appeal. The attorneys representing the accused have properly raised and argued two assignments of error: (1) refusal of instruction that danger to the accused need not be actual if reasonably apparent, and (2) refusal of instruction as to previous threats and difficulties. The majority opinion brushes aside without discussion the first and dismisses the other upon a hypertechnical, if not false, basis. Serious, well-reasoned argument deserves better treatment than this.
The instructions referred to in the majority opinion and this dissent which are not otherwise set forth are attached as an appendix.

APPENDIX

INSTRUCTION NUMBER S-2
In the event that you fail to find Eddie Gene Briggins guilty of murder, you may in the alternative find Eddie Gene Briggins guilty of the lesser included offense of manslaughter. Manslaughter has been defined as when a person in the heat of passion, and in a cruel or unusual manner, causes the death of another.
If you find from the evidence in this case, beyond a reasonable doubt that the deceased, Edward Houston, Jr., was a living person, and he died as a result of the Defendant shooting him with a shotgun which was a cruel or unusual manner, and while the Defendant was emotionally upset and mad at the victim, to the point of uncontrollable rage, and not in necessary self defense, then you shall find the Defendant, Eddie Gene Briggins, guilty of manslaughter.

INSTRUCTION NUMBER S-3
Deliberate design to kill is all that is required by Mississippi Law to make a homicide a murder. Deliberate design means intent to kill, without authority of law and not being legally justifiable, legally excusable or under circumstances that would reduce the act to a lesser crime.

INSTRUCTION NUMBER S-4
If a death is inflicted upon a person with a deadly weapon in a manner calculated to destroy a life without authority of law and not in necessary self-defense, then malice may be inferred from the use of the weapon.

INSTRUCTION NUMBER D-4
The Defendant has been charged by indictment with the crime of murder for having intentionally caused the death of one Edward Houston, Jr. without the authority of law. To reach a guilty verdict of murder in this case, you must be satisfied that the evidence presented in this case has proven beyond a reasonable doubt all of the following elements of the crime of murder:
1. That Mr. Briggins intentionally shot Edward Houston, Jr.,
2. for the designed purpose of killing him, and
3. not in necessary self-defense.
If you find that any of these three elements of the crime of murder is not present in this case, then you are bound by law to find Mr. Briggins not guilty of murder.

*697 INSTRUCTION NUMBER D-10
Self-defense is a law of necessity. Every human being has a right to defend himself against death or serious bodily harm. But in order to justify the use of deadly force in defense, it must appear that the person attacked was so situated and endangered that he honestly believed, and that he had reasonable grounds for believing, that he was in imminent danger of death or serious bodily harm.
The circumstances under which he acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the belief that the other person was then about to kill him, or to do him serious bodily harm.
Therefore, if you the jury, believe that the actions, if any, of Edward "Junior" Houston gave Briggins reasonable grounds to fear that Briggins' life was in danger or that there was imminent danger of serious personal injury to Briggins; and that Briggins' used no more force than was necessary under the circumstances then and there existing to protect himself from such imminent danger, then you may find the Defendant not guilty.

INSTRUCTION NUMBER D-21
The defense of self-defense applies in this case if you find either that Mr. Briggins was in imminent danger of receiving great personal injury from Edward Houston, Jr. or had reasonable cause to believe that such was about to occur.
NOTES
[1] The question of whether a self-defense instruction was warranted by the evidence was not raised by the State and is not addressed in this opinion.
[2] This opinion only addresses the admissibility of the two instructions as they are worded.
[1] In an exchange between the defendant and the district attorney, he was asked:

Q. You just shot from the hip when he said shoot me and you accommodated him, didn't you?
A. I wasn't going to let him accommodate me.
[2] Instructions D-10 and D-21 partially instructed the jury on apparent danger in telling them Briggins had a right to shoot Houston if he was "... so situated and endangered that he honestly believed, and that he had reasonable grounds for believing, that he was in imminent danger ..." (D-10), or, if Briggins "... was in imminent danger of receiving great or personal injury ... or had reasonable cause to believe that such was about to occur." (D-21). These instructions omitted, however, a key addition that in determining whether he acted in reasonable self-defense, it was not necessary that the danger be actual, but only reasonably apparent. This point was specifically addressed in the instructions refused, infra. By this omission, the given instructions could well have confused the jury on the issue of whether the danger had to be actual as opposed to reasonably apparent.
[3] It is interesting that in Ingram, the State's sixth instruction, as in this case, arguably included the element of apparent danger as opposed to actual danger, however, the Court held in Ingram that this was not enough.